**Sherry L. HENZ and Joseph A. Henz, Plaintiffs,**

v.

**SUPERIOR TRUCKING CO., INC., and Grove Manufacturing, Defendants and Third Party Plaintiffs.**

Civ. A. No. 82–0783.

United States District Court, M.D. Pennsylvania.

Dec. 20, 1982.

Joseph C. Korsak, York, Pa., for plaintiffs.

Arthur H. Stroyd, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Grove Mfg.

Thomas E. Brenner, Goldberg, Evans & Katzman, P.C., Harrisburg, Pa., for third party defendant Joseph Henz.

## MEMORANDUM

RAMBO, District Judge.

The third party defendant Joseph A. Henz has filed a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure because allegedly the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The motion to dismiss contains as an alternative ground for dismissal the allegation that the third party complaint was improper under Rule 14(a) of the Federal Rules of Civil Procedure. Rule 14(a) allows a third party complaint to issue against "a person not a party" and the rule requires leave of the court if the third party complaint is filed more than ten (10) days after service of the original answer.

On September 27, 1982 the defendant, Grove Manufacturing filed a motion to sever the claims of Joseph A. Henz from those of Sherry L. Henz. If severance is granted, then the defendant would like leave of the court to serve Joseph A. Henz as a third party defendant in the action in which Sherry L. Henz remains as the plaintiff.

The third party defendant's motion to dismiss under Rule 12(b)(6) for failure to state a claim is not briefed and shall be deemed withdrawn. *See* Local Rule 401.5.

A person who is not a party to an action may be joined as a third party defendant under Rule 14(a) of the Federal Rules of Civil Procedure. Mr. Henz is already a party to the action and thus he cannot be a third party defendant under Rule 14(a). *Stahl v. Ohio River Company,* 424 F.2d 52, 56 (3d Cir.1970). Thus the third party complaint against Henz is improper.

The defendant, Grove Manufacturing, is left with an allegation that Mr. Henz was somehow at fault and ought to share in whatever liability might be found. The defendant cannot bring the action for contribution or indemnity as a counterclaim, because the claim is not matured as required by Rule 13. 424 F.2d at 54.[1] Thus

1. This holding by the Third Circuit has been severely criticized. *In re Oil Spill by the Amo-*

*co Cadiz,* 491 F.Supp. 161, 165 (N.D.Ill.1979);

the combined effect of Rule 14(a) and Rule 13 is to prevent the adjudication of Grove Manufacturing's claim for contribution in conjunction with the main case as it is presently constituted.

■ The parties have suggested alternative ways of proceeding. The actions of the plaintiffs might be severed under Rule 21 and then the defendant could join Mr. Henz as a third party defendant in the action by Mrs. Henz. At this point, the action of Mr. Henz against the defendants could be left for a separate trial or Mr. Henz might raise his claims for loss of association and medical expenses as counterclaims.[2]

The leading case in which severance was granted so that a third party complaint might be filed was decided by the Court of Appeals for the Third Circuit. *Sporia v. Pennsylvania Greyhound Lines, Inc.,* 143 F.2d 105 (3d Cir.1944). The court, speaking through Judge Dobie said:

> Essential justice, and the proper determination of the rights and liabilities, inter sese, of all these parties here (Sporia, Kosana, Greyhound), would seem alike to demand the granting of the severance sought by Greyhound. Against this, only highly technical reasons can be advanced. A severance works no injustice upon any of these parties; all the so-called equities favor it.

> We are convinced that the District Court possessed the power to grant the relief sought by Greyhound. And we further think that, in failing to grant that relief, the District Court abused its discretion and committed a clear error.

> The judgment of the District Court is accordingly reversed, and the case is remanded to that court with directions to grant a severance of the claim of Sporia and the claim of Kosana against Greyhound, and to permit Sporia to be made a party-defendant to the claim of Kosana against Greyhound.

> When these things have been accomplished, nothing in this opinion shall be deemed to prevent a consolidation of the two separate claims for trial, if the District Court should, in its discretion, deem such a procedure advisable in the premises.

*Id.* at 107–08.

This court finds no impairment to the granting of the severance sought by the defendant. This court will look to the counsel for the parties to file the appropriate *stipulations* and orders to assist in the future management of this case. The court is hopeful that resolution of such technical disputes will in the future be made without the necessity of a full motion and briefing procedure.

---

*Atlantic Aviation Corp. v. Estate of Costas,* 332 F.Supp. 1002, 1006–07 (E.D.N.Y.1971).

**2.** The counterclaims might be compulsory. Fed.R.Civ.P. 13(a).