480 A.2d 1249

**Gerard CAPONE, Jr., Gerard Capone and Maria Capone, his wife, Appellants,**

**v.**

**J. Arnold DONOVAN, Jr., M.D. and M.J. Stackowski, M.D.**

Superior Court of Pennsylvania.

Argued Nov. 3, 1983.

Filed Aug. 24, 1984.

Ambrose R. Campana, Williamsport, for appellants.

Paul A. Barrett, Scranton, for Donovan, appellee.

Diane L. Anderson, Philadelphia, for Stackowski, appellee.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

WIEAND, Judge:

If a plaintiff's football injury has been misdiagnosed and mistreated successively by several physicians so as to result in a permanent injury, does settlement with one physician bar an action against the other physicians? The trial court held that a second action was barred and entered summary judgment in favor of the physicians. We reverse.

Gerard Capone, Jr., sustained a broken arm during football scrimmage at Bucknell University on September 13, 1977. He was treated the same day by Doctors J. Arnold Donovan, Jr., and M.J. Stackowski, who took x-rays and applied a long-arm cast. During succeeding weeks, while

he continued to be treated by Doctors Donovan and Stackowski, Capone's arm failed to heal properly. On October 7, 1977, Capone went to see Dr. Anthony J. Persico, a physician who practiced in the vicinity of Capone's home in New Jersey. Persico took additional x-rays and applied a splint wrapped in an ace bandage. Capone saw Dr. Persico three or four times but discomfort resulted from the continued failure of the arm to heal. Finally, when in July, 1978 the arm still had not healed, Capone visited Dr. Francis P. Milone. Milone performed surgery to correct the injury. He told Capone that, because of the nature of the fracture, surgery should have been performed immediately after the injury was sustained.

Capone and his parents commenced an action in the courts of New Jersey to recover damages attributable to Dr. Persico's failure to make a correct diagnosis and render proper treatment. That case was settled for the sum of $25,000. A release was executed as follows:

KNOW ALL MEN BY THESE PRESENTS:

That MARIA CAPONE hereinafter designated as the Releasor, for and in consideration of the sum of Twenty-Five Thousand and no/100 _____

($25,000.00) Dollars lawful Money of the United States of America, to the Releasor in hand paid by ANTHONY J. PERSICO, M.D. hereinafter designated as the Releasee, the receipt whereof is hereby acknowledged, has remised, released and forever discharged, and by these Presents does remise, release and forever discharge the said Releasee of and from all debts, obligations, reckonings, promises, covenants, agreements, contracts, endorsements, bonds, specialties, controversies, suits, actions, causes of actions, trespasses, variances, judgments, extents, executions, damages, claims or demands, in law or in equity, which against the said Releasee, the Releasor ever had, now has or hereafter can, shall, or may have, for, upon or by reason of any matter, cause or thing

whatsoever, from the beginning of the world to the day of the date of these Presents.

More particularly from any and all claims arising out of a lawsuit instituted in the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L–63505–78MM.

Capone and his parents also commenced the instant malpractice action against Doctors Donovan and Stackowski[1] in which the trial court entered summary judgment in favor of the physicians. In an appeal from that judgment, Capone argues that the physicians were not joint tortfeasors and that, in any event, the trial court erred in entering summary judgment.

If the tortious conduct of two or more persons causes a single harm which cannot be apportioned, the actors are joint tortfeasors even though they may have acted independently. Restatement (Second) of Torts § 879 (1977). See: *Pratt v. Stein*, 298 Pa.Super. 92, 150, 444 A.2d 674, 704–705 (1982); *Voyles v. Corwin*, 295 Pa.Super. 126, 130, 441 A.2d 381, 383 (1982); *Lasprogata v. Qualls*, 263 Pa.Super. 174, 179 n. 4, 397 A.2d 803, 805 n. 4 (1979). If two or more causes combine to produce a single harm which is incapable of being divided on a logical, reasonable, or practical basis, and each cause is a substantial factor in bringing about the harm, an arbitrary apportionment should not be made. Restatement (Second) of Torts § 433A Comment i (1977); Prosser, Law of Torts § 47, p. 330 (1941). Whether harm is capable of apportionment is a question of law for the court. *Voyles v. Corwin, supra; Lasprogata v. Qualls, supra,* 263 Pa.Superior Ct. at 181, 397 A.2d at 806; Restatement (Second) of Torts § 434(1)(b) (1977). Most personal injuries are by their very nature incapable of division. Restatement (Second) of Torts § 433A, Comment i

1. This action was initially commenced in the United States District Court for New Jersey, was subsequently transferred to the Pennsylvania Arbitration for Health Care Panel, and came to rest finally in the Court of Common Pleas of Union County.

(1977). In the instant case, the harm allegedly caused to appellants-plaintiffs by the failure of three physicians to diagnose and/or treat properly the broken arm sustained by Gerard Capone, Jr., was incapable of division among the physicians on a "logical, reasonable, or practical basis."

■ It is appellants' contention that Doctors Donovan, Stackowski and Persico misinterpreted x-rays and, therefore, failed to diagnose Capone's injury as a Monteggia fracture of the arm. As a consequence, they failed to treat the injury properly and thus caused a permanent, partial loss of motion of the elbow. In addition to a diminished future earning capacity, it is alleged, the failure to treat the injury properly caused unnecessary pain and suffering to Capone and a loss of services to his parents. Appellants did not allege that Dr. Persico, who treated Capone after Doctors Donovan and Stackowski, had aggravated an existing condition. They contended, rather, that Persico had failed to correct a deteriorating condition of the elbow and that the alleged malpractice of all treating physicians combined to produce a permanent injury.

Under these circumstances, Capone's permanent injury was not susceptible of a logical apportionment among the treating physicians; any attempt to do so would necessarily result in an arbitrary division. The duty of care owed by each physician was the same; the alleged negligence of each was the same; and the harm caused as a result of their combined negligence was single and indivisible. The physicians, therefore, were joint tortfeasors. See: *Pratt v. Stein, supra; Wade v. S.J. Groves & Sons Co.,* 283 Pa.Super. 464, 473–474, 424 A.2d 902, 906–907 (1981).

■ It does not follow that the release given to Dr. Persico effected a release of Doctors Donovan and Stackowski. By statute it is provided in Pennsylvania that,

A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the

other tort-feasors unless the release so provides, but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.

42 Pa.C.S. § 8326.

The law is clear, therefore, that the release executed by plaintiffs to Dr. Persico was ineffective to release Doctors Donovan and Stackowski unless the release so provided. See: *Sochanski v. Sears, Roebuck Co.*, 689 F.2d 45, 48 n. 2 (3d Cir.1982); *Brown v. Pittsburgh*, 409 Pa. 357, 362, 186 A.2d 399, 402 (1962). Cf. *Lasprogata v. Qualls, supra.* The release executed upon settlement of the New Jersey action against Dr. Persico purported to release Dr. Persico alone. Such a release did not effect a release of Doctors Donovan and Stackowski. The only effect of the release was to require a reduction in any verdict recovered against them by the sum of $25,000 already paid in settlement of the New Jersey action against Dr. Persico. See: *Sochanski v. Sears, Roebuck Co., supra; Pilosky v. Dougherty*, 179 F.Supp. 148, 150 (E.D.Pa.1959); *Daugherty v. Hershberger*, 386 Pa. 367, 126 A.2d 730 (1956).

■ The plaintiffs are entitled to only one satisfaction for the harm which they have sustained. See: *Brown v. Pittsburgh, supra; Hilbert v. Roth*, 395 Pa. 270, 149 A.2d 648 (1959); *Lasprogata v. Qualls, supra.* Whether the sum of $25,000 recovered from Dr. Persico represented recovery in full will be an issue of fact for the jury. The present state of the record does not permit a court to determine as a matter of law that plaintiffs have already recovered in full for the harm caused by the alleged mistreatment of the football injury sustained by Gerard Capone, Jr.[2] When the

2. We recognize that Capone may have a separate claim against the appellee physicians for unnecessary pain, if any, caused by a failure to treat the arm properly before treatment by Dr. Persico began.

trial court attempted to determine summarily that a full recovery had been achieved, it fell into error.

Reversed and remanded for further proceedings.