Terri F. ST. THOMAS, et al., Plaintiffs,

v.

HARRISBURG HOSPITAL, et al., Defendants and Third Party Plaintiffs,

v.

Stephen F. ST. THOMAS, Third Party Defendant.

Civ. A. No. 84–1523.

United States District Court, M.D. Pennsylvania.

March 11, 1985.

Robert W. Barton, Killian & Gephart, Harrisburg, Pa., William E. McDaniels, Lynn A. Stout, Williams & Connolly, Washington, D.C., for plaintiffs.

S. Walter Foulkrod, III, Foulkrod, Reynolds & Havas, Harrisburg, Pa., for Neurological Surgery, Dr. Moore & Dr. Ostdahl.

James W. Evans, Goldberg, Evans & Katzman, P.C., Harrisburg, Pa., for V. Fleisher, R.N.

Joseph P. Hafer, Kevin E. Osborne, Thomas & Thomas, Harrisburg, Pa., for Harrisburg Hospital & Ann Kostelac.

## MEMORANDUM

CALDWELL, District Judge.

Before the court at this writing are motions by Stephen F. St. Thomas, third party defendant, seeking the dismissal of the three complaints which have been filed against him by five of the six defendants in this proceeding. The basis for the motions is that the third party defendant is not a joint tortfeasor with the defendants.

The complaint alleges that on November 12, 1982, Terri St. Thomas suffered a head injury and was admitted to the Harrisburg Hospital, where she was placed under the care of the medical defendants. It is further alleged that on November 15 and 16, 1982, Mrs. St. Thomas was not properly monitored, diagnosed or treated, as a result of which she suffered irreversible brain injury, for which damages are sought.

The third party complaints against Stephen St. Thomas allege that plaintiff's injuries were caused or contributed to by the negligent operation of a motor vehicle by Mr. St. Thomas, on November 12, 1984.

Fed.R.Civ.P. 14(a) permits a defendant to join a person not a party to the action, "who is or may be liable to him [the defendant] for all or part of the plaintiff's claim against him [the defendant]." Thus, in order to join a third party the Rule requires that the original defendant must be able to demonstrate that the third party is responsible, as a joint tortfeasor, for the claim made against the defendant. Here it is argued by the third party defendant that he has no accountability of any kind for the plaintiff's claim against the defendants, which is for improper medical care, and that he would not be responsible to contribute to any verdict against the defendants.

Our review of the authority relied upon by third party defendant, and our consideration of the arguments advanced by each party, persuades us that the attempted joinder herein is improper and that the motions to dismiss should be granted.

The defendants recognize that in a case of this kind joinder is not usually permitted. Here it is argued that, at this point at least, the cause of plaintiff's present condition is not indentifiable, i.e. it cannot be said whether her present condition was caused by the accident in which she was involved, or was attributable to the medical treatment she received, or both. In this unusual circumstance defendants contend that under Pennsylvania law the third party defendant can be considered jointly liable and a joint tortfeasor in which case joinder is authorized.

In *Lasprogata v. Qualls*, 263 Pa.Superior Ct. 174, 397 A.2d 803 (1979) the court held that a treating physician who aggravates a physical injury inflicted by a vehicle operator may not join the vehicle operator in a suit by the injured plaintiff against the physician. In holding that operator and physician were not joint tortfeasors the court stated:

> The acts of the original wrongdoer and the negligent physician are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff.

The defendant's position is based on a perceived distinction made by the court in footnote # 4 in *Lasprogata*, supra:

... the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury.

Based upon this language defendants argue that where there is no identifiable separate injury a vehicle operator and a physician may be joint tortfeasors. We believe, however, that this language must be interpreted in the context of the ruling of the case, which held specifically that parties are not joint tortfeasors if (1) the negligence of each offending party is severable as to time, (2) neither could guard against the acts of the other, and (3) each owed a different duty to the plaintiff.

The situation contemplated in the footnote refers to a situation where one is injured by the concurring negligence of two tortfeasors, such as two vehicle operators. They are acting independently of each other, although at the same time, and their negligence unites in causing a collision and consequent single injury. Both owed the same duty to plaintiff and plaintiff's injury resulted from the concurrent breach of that duty. Here the negligence of the parties is severable as to time, neither could guard against the negligence of the other and each owed a different duty to plaintiff.

In *Voyles v. Corwin*, 295 Pa.Superior Ct. 126, 441 A.2d 381 (1982) relied on by defendants the court said, gratuitously:

Without question, if a jury could find both Walker (the vehicle operator) and the physician liable to Voyles (plaintiff) for the same injuries, the physician would be entitled to have Walker kept in as a party despite Voyle's release of her.

After making this general statement the court then decided that the driver involved could not be a joint tortfeasor with the treating physician based upon an analysis of the factors used in *Lasprogata*, supra, i.e. the identity of the cause of action against each defendant; existence of a common or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury; identity of the facts as to time, place and result, (etc.). The Superior Court affirmed the action of the lower court in dismissing the physician's attempted joinder of the vehicle operator (who had been released by plaintiff) and we can attach no weight to the dicta contained in the opinion.

Our conclusion is also supported by *Tesch v. U.S.A.*, 546 F.Supp. 526 (E.D.Pa. 1982), which refers to the case of *Rodich v. Rodich*, 421 Pa. 154, 218 A.2d 816 (1966). In *Rodich* the injured plaintiff was a passenger in a vehicle that crashed into a tree. Before plaintiff could be removed from the vehicle it was struck by another car that left the highway. Plaintiff filed separate actions against the drivers. One driver attempted to join the other driver as an additional defendant in the suit against him. The Supreme Court affirmed the lower court, which had consolidated the cases for trial but refused to permit the joinder, noting that the actions were separate and unrelated.

The fact that plaintiff has not sued the third party defendant may be detrimental to her case, because she will be required to show that her injuries were caused by the medical defendants. If it appears her injuries were caused in the accident, or if the cause of her injuries cannot be established, plaintiff cannot recover from the defendants. If it is determined that defendants were responsible for only some of plaintiff's injuries then the damages to be awarded will have to be apportioned. *See Lasprogata*, supra.

Thus, while defendants cannot join the third party defendant they are free to defend the action by asserting his responsibility for plaintiff's injuries and losses.