Arden Brent SMITH, Jr., a Minor, by Ruth J. SMITH, and Arden Brent Smith, Sr., his parents and natural guardians, and Arden Brent Smith, Sr., and Ruth J. Smith, in their own right, Plaintiffs,

v.

KOLCRAFT PRODUCTS, INC., an Illinois corporation, Defendant,

v.

GENERAL MOTORS CORPORATION and Arden Brent Smith, Sr., Third Party Defendants.

Civ. A. No. 85-0607.

United States District Court, M.D. Pennsylvania.

Oct. 21, 1985.

Clyde W. McIntyre, McNees, Wallace & Nurick, Harrisburg, Pa., for plaintiffs.

Douglas Marcello, John B. Mancke, Harrisburg, Pa., for defendant.

George J. Lavin, Jr., Philadelphia, Pa., for GMC.

James L. Goldsmith, Caldwell, Clouser & Kearns, Harrisburg, Pa., for Arden Brent Smith, Sr.

MEMORANDUM

CALDWELL, District Judge.

I. *Introduction.*

Third party defendant, Arden Brent Smith, Sr. (Smith), has filed a motion to

dismiss the third party complaint filed against him by defendant, Kolcraft Products, Inc. (Kolcraft), as third party plaintiff. The third party complaint alleges that Smith is solely liable, jointly or severally liable with Kolcraft, or liable over to Kolcraft, for the claims made by plaintiffs in their complaint. Plaintiffs' complaint in this diversity action seeks damages for the minor plaintiff, Arden Brent Smith, Jr., and his parents, Arden Brent Smith, Sr. and Ruth J. Smith, arising from injuries suffered by the minor plaintiff in an automobile accident.[1] Smith contends that his joinder under Fed.R.Civ.P. 14(a) is improper because: (1) he and Kolcraft are not joint tortfeasors under Pennsylvania law; (2) the Comparative Negligence Statute, 42 Pa.C.S. § 7102, indicates that a person who is alleged only to be negligent should not be joined in an action with one who may be strictly liable; and (3) the general principles of strict liability mandate that the manufacturer of a defective product should not be able to shift liability onto a negligent user .or consumer.[2]

## II. *Discussion.*

Plaintiffs' complaint alleges that at the time of the accident Smith was driving an automobile south on U.S. Routes 11–15 near Liverpool Borough in Perry County Pennsylvania. (¶ 7). His wife, Ruth J. Smith, and their sons, Andrew and minor plaintiff, Arden Brent Smith, Jr., were passengers in the vehicle. *Id.* Smith feel asleep at the wheel and the car drifted through a guardrail, landing upside down in Wildcat Creek which runs under Routes 11–15. (¶ 9). He freed his wife and Andrew from the car but was unable to extricate the minor plaintiff who was strapped into the car in a "TOT–RIDER" car seat manufactured by Kolcraft. (¶ 10). Arden

Brent Smith, Jr. remained under water for approximately twenty minutes to one-half hour before he was freed, (¶ 11), and he suffered permanent brain damage as a result. (¶ 15). Plaintiffs sued Kolcraft under the theory of strict liability in tort set out in Restatement (Second) of Torts § 402A. Kolcraft sued Smith, alleging that he was negligent in operating the automobile and in "failing to properly install and/or secure the plaintiff, Arden Brent Smith, Jr. and the seat and/or extricate the plaintiff, Arden Brent Smith, Jr." (Kolcraft's complaint against Smith, ¶ 6(f) ).

Fed.R.Civ.P. 14(a) permits a defendant to join a person "who is or may be liable to him for all or part of the plaintiff's claim against him." In other words, the rule permits joinder for contribution or indemnity and Smith contends that those claims cannot be made against him because he is not a joint tortfeasor with Kolcraft. Citing *Lasprogata v. Qualls*, 263 Pa.Super. 174, 397 A.2d 803 (1979), and *Voyles v. Corwin*, 295 Pa.Super. 126, 441 A.2d 381 (1982), the third party defendant asserts that Kolcraft's joinder fails to satisfy the following test for determining joint tortfeasor status:

> the identity of a cause of action against each of two or more defendants; the existence of a common or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate, rather than consequential, responsibility of the defendants for the same *injuria* as distinguished from *damnum*.

*Id.* at 130–31, 441 A.2d at 383 (quoting Prosser, Law of Torts, § 46 n. 2 (4th ed. 1971) ).[3]

---

1. Third party defendant, Arden Brent Smith, Sr., was originally a plaintiff in this action but his claim was severed pursuant to Fed.R.Civ.P. 21 so that he could be joined in this action as a third party defendant. *See Henz v. Superior Trucking Co., Inc.,* 96 F.R.D. 219 (M.D.Pa.1982).

2. The parties implicitly agree, and we see no reason to conclude otherwise, that Pennsylvania

law applies to this action. Accordingly, we also look to Pennsylvania law on indemnity and contribution to determine if the joinder is proper. *See Anderson v. Dreibelbis,* 104 F.R.D. 415 (E.D.Pa.1984).

3. *See also* Prosser and Keeton on the Law of Torts § 46 n. 2 (W. Page Keeton ed. 1984).

Applying the foregoing test, Smith argues that there could not have been a joint tort. He asserts that his duties were different from Kolcraft's. Smith was required to operate the vehicle in a safe fashion. Kolcraft was required to provide a car seat free of defects. Also, neither party could guard against the conduct of the other. Further, the damages suffered by the minor plaintiff can be apportioned between the two so that Kolcraft would not have to compensate the minor plaintiff for injuries caused by Smith.

■ The above-quoted factors from *Voyles* are instructive but not conclusive on the determination of joint tortfeasor status. The Court in *Voyles* did not consider each of them essential and discussed only the factors appropriate to the circumstances of that case. In fact, the text of Prosser from which the factors were taken indicates that each was considered a test in itself by the court that used the particular factor to determine joint tortfeasor status. In the factual setting of this case, bearing in mind that the "terms 'joint tort' and 'joint tortfeasors' have been surrounded by no little uncertainty and confusion," Prosser and Keeton, *supra*, § 46, we prefer simply to rely upon the following language from *Lasprogata*, *supra*: "to be a joint tortfeasor, 'the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury.'"[4] 263 Pa.Super at 179 n. 4, 397 A.2d at 805 n. 4 (quoting Black's Law Dictionary (4th ed. 1968)). Kolcraft's and Smith's actions fit the above definition. Independently of each other, the parties united to cause a single injury.

Smith's most serious contention is that the harm to minor plaintiff can be apportioned between himself and Kolcraft. He argues that expert testimony could establish what minor plaintiff's injuries would have been if he could have escaped the vehicle as quickly as the other passengers, injuries supposedly attributable to Smith. Kolcraft would then be left accountable for the injuries suffered after the automobile plunged into the creek. Because the harm can be apportioned, Smith is not a joint tortfeasor with Kolcraft and cannot be joined.

■ The question of apportionment of harm, however, is determined by whether the alleged tortfeasors acted jointly, *see Voyles*, *supra*, and we have already concluded that Smith and Kolcraft have done so here. If it were otherwise, joint tortfeasor status would be destroyed in any case in which expert testimony was available on the issue of the divisibility of harm from an injury. *Capone v. Donovan*, 332 Pa.Super. 185, 480 A.2d 1249 (1984), although not directly on point, is instructive here. In *Capone*, plaintiffs sued two of three physicians for malpractice arising from successive medical treatment for a college football injury suffered by the son plaintiff. Plaintiffs had settled with and released the other physician. The trial court granted summary judgment for the two physicians based upon the release. On appeal, plaintiffs contended that the three physicians were not joint tortfeasors, presumably arguing that the release did not therefore bar the suit. The Pennsylvania Superior Court observed that:

> If the tortious conduct of two or more persons causes a single harm which cannot be apportioned, the actors are joint tortfeasors even though they may have acted independently. Restatement (Second) of Torts § 879 (1977). See: *Pratt v. Stein*, 298 Pa.Super. 92, 150, 444 A.2d 674, 704–05 (1982); *Voyles v. Corwin*, 295 Pa.Super. 126, 130, 441 A.2d 381, 383 (1982); *Lasprogata v. Qualls*, 263 Pa.Super. 174, 179 n. 4, 397 A.2d 803, 805 n. 4 (1979). If two or more causes combine to produce a single harm which is incapable of being divided on a logical, reasonable,

---

**4.** In any event, we note that several of the factors in the *Voyles* test are satisfied here. There was a single indivisible injury to the minor plaintiff, an identity of facts as to time,

place, and result, a direct and immediate injury, and a responsibility for the same injury as distinguished from whatever damages may result.

or practical basis, and each cause is a substantial factor in bringing about the harm, an arbitrary apportionment should not be made. Restatement (Second) of Torts § 433A Comment i (1977); Prosser, Law of Torts § 47, p. 330 (1941). *Whether harm is capable of apportionment is a question of law for the court. Voyles v. Corwin, supra; Lasprogata v. Qualls, supra* at 181, 397 A.2d at 806; Restatement (Second) of Torts § 434(1)(b) (1977). Most personal injuries are by their very nature incapable of division. Restatement (Second) of Torts § 433A, Comment i (1977).

*Id.* at 189, 480 A.2d at 1251 (emphasis supplied).

The two physicians had treated plaintiff immediately after the accident and for awhile shortly thereafter while the settling one had only seen plaintiff after the arm failed to heal under the former physicians' treatment. Nevertheless, the court held that all three were joint tortfeasors. Plaintiffs had sought recovery for a single, permanent injury brought about by the collective failure of the doctors to treat the original injury properly. It was not alleged that the third physician had aggravated the prior injury or had caused a new one.

Under these circumstances the court concluded that no logical apportionment of the damages could be made because each physician owed the same duty of care, each committed the same negligence, and the harm caused by their combined negligence was single and indivisible.[5] In other words, the court concluded that no logical apportionment of damages could be made because the defendants were joint tortfeasors.

The situation here is analogous. No logical apportionment can be made because Smith and Kolcraft, while acting independently, are alleged to have caused a single injury, and are hence joint tortfeasors. Significantly, plaintiffs are seeking recovery for all damages arising from minor

plaintiff's submersion in the water. Just as in *Capone* there is no claim against Kolcraft of an aggravated or new injury. A comparison to *St. Thomas v. Harrisburg Hospital*, 108 F.R.D. 2 (M.D.Pa. 1985) (Caldwell, J.), is also enlightening. In *St. Thomas*, we denied the medical defendants' attempted joinder of the plaintiff driver of an automobile involved in an accident resulting in a head injury to the plaintiff passenger, the driver's wife, subsequently treated by the medical defendants. There we relied upon the factors, quoted from Prosser, found significant in *Lasprogata, supra*, but obviously because of the factual similarity between that case and *St. Thomas*. Additionally, in *St. Thomas* the plaintiffs were not attempting, as here, to recover for injuries suffered as a result of the accident but only for those resulting from medical malpractice in treating the injuries. In *St. Thomas* we also distinguished the situation set forth in *Lasprogata* at note 4 and quoted above, which under the circumstances of this case, we now find applicable because unlike in *St. Thomas*, Kolcraft's and Smith's conduct concurred at the same time to create a single injury.

It is immaterial to a finding of joint tortfeasor status that Kolcraft may be strictly liable and Smith negligent. Theories of liability do not determine joint tortfeasor status. Kolcraft is entitled to contribution or indemnity from Smith if his negligence is proven. *See Chamberlain v. Carborundum Co.*, 485 F.2d 31 (3d Cir. 1973); *Walters v. Hiab Hydraulics, Inc.*, 356 F.Supp. 1000 (M.D.Pa.1973); *Capuano v. Ecko Bicycle Co.*, 27 Pa. D & C3d 524 (1982); *Stewart v. Uniroyal, Inc.*, 72 Pa. D & C2d 206 (1975), *aff'd per curiam*, 238 Pa.Super. 726, 356 A.2d 821 (1976); *but see Bike v. American Motors Corp.*, 101 F.R.D. 77 (E.D.Pa.1984).

Smith's final two arguments are more appropriately considered if, and when, damages have to be allocated between Kolcraft

---

**5.** The court went on to conclude, however, that under Pennsylvania statutory law the release

did not bar the action.

and Smith. Accordingly, we will defer ruling on those issues until a later time.

We will issue an appropriate order.