## Amundson v. Armagost Steel Corporation Inc.

*Samuel W. Braver* and *Laura Ellsworth Mead,* for plaintiff.

*C. S. Fosee,* for defendant Flexospan Steel Building, Inc.

*Theodore O. Struck,* for defendant Armagost Steel Corporation, Inc.

*Laurance B. Seaman,* for additional defendant Femco Machine Company.

*Donald Dennison* and *John C. Dennison, II,* for additional defendant Viking Air Inc.

SNYDER, *P.J.*, March 18, 1986 — This matter is presently before the court on the motions of additional defendants Femco Machine Company and Viking Air Inc. for summary judgment. The motions are denied.

## CASE HISTORY

On May 30, 1981, plaintiff Frank M. Amundson, while in the process of assisting in the erection of a steel building manufactured by defendant Flexospan Steel Building Inc. fell from the roof of the building and was seriously injured. Armagost Steel Corporation Inc. is a distributor for Flexospan and had sold the building to Viking Air Inc., a company in which Amundson is a principal stockholder. Armagost contends that although Viking purchased the building, Femco Machine Company was involved in the erection of the building. Amundson is a partner in Femco.

Amundson brought a products liability suit[1] against Armagost and Flexospan. Armagost in turn filed a complaint against Viking and Femco and joined them as additional defendants in Amundson's suit against Armagost.

Armagost asserts identical causes of action in assumpsit and trespass against Viking and Femco. The crux of both actions is the alleged failure to use competent, qualified and experienced persons in erecting the building.

The assumpsit causes of action against Viking and Femco allege in each instance that there was an agreement made with Armagost that only experienced and competent workmen would be used to erect the building, that the failure to use such work-

---

1. Restatement (Second) of Torts §402A.

men breached that agreement, and the damages for that breach are any damages which Armagost may be held liable to pay Amundson in his section 402A lawsuit against Armagost.

Armagost's trespass causes of action against Viking and Femco assert in each instance that there was a duty to use competent, experienced workmen and the failure to do so was negligent conduct which was the sole cause of Amundson's injuries or, in the alternative, was a joint cause of such injuries.

Viking has moved for summary judgment on the following grounds:

1. The contract between Armagost and Viking does not contain any provision requiring Viking to use workmen experienced in constructing buildings of this kind, and the parol evidence rule prohibits Armagost from introducing evidence in an attempt to show that the parties had any such agreement.

2. Armagost should not be permitted to assert its trespass cause of action against Viking in Amundson's section 402A strict-liability case because it will be too confusing for the jury to distinguish and keep separate the elements of a section 402A liability cause of action and an ordinary negligence cause of action.

Femco has moved for summary judgment on the following grounds:

1. The record is clear as a matter of law that no contract of any kind whatsoever existed between Armagost and Femco which could give rise to an assumpsit action.

2. Armagost cannot join Femco in a trespass cause of action for the same reason previously stated that it cannot join Viking, i.e., it is improper to join at the same trial an ordinary negligence cause of action with a section 402A strict-liability cause of action.

## DISCUSSION

We first point out that Viking's and Femco's contention that an ordinary negligence action should not be mixed with a section 402A strict-liability action at trial should probably be raised in the form of a motion to strike the joinder rather than asserted as grounds for a motion for summary judgment, as has been done here. However, we will nevertheless take up that contention and consider it as if presented in a motion to strike.

In seeking to join Viking and Femco, Armagost invokes Pa.R.C.P. 2252(a) which permits joinder of any person as an additional defendant who may be alone liable, or liable over to original defendant on the cause of action declared upon by plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or series of transactions or occurrences upon which the cause of action is based.

An additional defendant may be joined if he may be liable on the cause of action declared upon by plaintiff or if original defendant may impose liability against him on a cause of action not necessarily the same as plaintiff's but at least arising substantially out of the same factual background upon which the plaintiff's cause of action is based. *American Metal Fabricators Co. v. Goldman,* 227 Pa. Super. 284, 323 A.2d 891 (1974).

The purpose of this rule is to avoid a multiplicity of suits by affording defendants who are already parties to an action the opportunity of bringing into the proceedings any other interested parties as additional defendants, to the end that their liability, if any, may be determined in the same proceedings, thereby reducing the expense of litigation and con-

serving the time of the litigants and the courts. See Standard Pennsylvania Practice 2d 14:142. However, it must, of course, be kept in mind that the purpose of the rule is to simplify, and not to complicate, litigation and application to particular circumstances should follow a construction to that end.

Viking and Femco argue that to allow an ordinary negligence action to be tried with a section 402A strict-liability action would result in undue complications at trial. We find no Pennsylvania appellate court cases on point. However, Viking and Femco rely on two federal court decisions, viz., *Bike v. American Motors Corp.*, 101 F.R.D. 77 (E.D. Pa. 1984) and *Conti v. Ford Motor Co.*, 578 F. Supp. 1429 (E.D. Pa. 1983).

We view those cases as distinguishable from the instant case in several respects. The court in *Bike* held that the Pennsylvania comparative negligence statute[2] should not be applied to compare relative fault between a defendant sued in strict liability and a third-party defendant sued in ordinary negligence. In the instant case, Armagost does not appear to be suggesting that if it is found liable under section 402A and if Viking or Femco is also found negligent that the doctrine of comparative negligence should be applied to determine their relative fault. We agree that such would be impermissible. In any event, Armagost contends that Viking or Femco is solely liable to Amundson which, if the jury so found, would render moot the question of applicability of the comparative negligence doctrine.

*Conti* similarly held that the comparative negligence doctrine does not apply to strict liability-ordinary negligence causes of action. In addition, the court in *Conti* also held that the Uniform Contribu-

2. 42 Pa.C.S. §7102.

tion Among Tort-feasors Act[3] is not applicable in a section 402A action. However, in the case at bar, Armagost alleges that Viking and Femco are solely liable to the plaintiff. While Federal Rules of Civil Procedure[4] bar joinder of an additional defendant on grounds of sole liability, joinder on that basis is expressly allowed by the Pennsylvania Rules of Civil Procedure.[5] Therefore, *Conti* is distinguishable for that reason as well.

Furthermore, we note that in a more recent Federal case, *Smith v. Kolcraft Products Inc.*, 107 F.R.D. 767 (M.D. Pa. 1985), the court held that under Pennsylvania law, an original defendant in a section 402A action is entitled to contribution or indemnity from an additional defendant whose negligence was a substantial factor in bringing about harm to a plaintiff. The court in *Smith* relied upon *Capone v. Donovan*, 332 Pa. Super. 185, 480 A.2d 1249 (1984), where the Pennsylvania Superior Court observed that:

"If tortious conduct of two or more persons causes a single harm, which cannot be apportioned, the actors are joint tortfeasors even though they may have acted independently. Restatement (Second) of Torts §879 (1977)."

In the circumstances of the case at hand, if an original defendant is found at fault under section 402A liability and an additional defendant is found negligent, we believe the situation would be that of two tortfeasors combining to produce a single harm which is incapable of being divided on a logical, reasonable or practical basis. Therefore, the parties at

---

3. 42 Pa.C.S. §8321 et. seq.
4. Fed.R.C.P. 14(a).
5. Pa.R.C.P. 2252.

fault would be joint tortfeasors subject to the Uniform Contribution Among Tortfeasors Act.

We also observe that several common pleas courts in other jurisdictions have permitted joinder of additional defendants in somewhat similar situations. *See Hickman v. Bross*, 55 D. & C. 2d 783 (1972); *Landau v. Pa. Water Co.*, 60 Luz. Leg. Reg. Rep. 19 (1969); *See also Kladias & Son v. Sonneborn Building Products Inc.*, 2 D. & C. 3d 310 (1975). We do not believe the joinder of Viking and Femco will so complicate this case that Armagost should be denied the privilege which it has under Pa.R.C.P. 2252 of joining parties which it contends are solely liable, jointly liable or liable over to it.

As to Femco's assertion that it is entitled to summary judgment because it had nothing whatsoever to do with the purchase or erection of the steel building, Armagost contends that this remains a disputed material fact.

In ruling on a motion for summary judgment, we are required to accept all well-pleaded facts as true facts and must consider all reasonable inferences to be drawn therefrom. See *Ritmanich v. Jonnel Enterprises Inc.*, 219 Pa. Super. 198, 280 A.2d 570 (1971). Here, Armagost alleges that there are facts suggesting that Amundson was acting on behalf of Femco when he negotiated the purchase of the building. In support of that contention, Armagost alleges that the parties met at Femco's offices during negotiations, that all bills were sent to Femco's offices, that Femco had several pieces of expensive machinery at the construction site and that two of Femco's employees were involved in constructing the building. We believe that the issue of whether or not Femco was in fact a party to the purchase and/or construction of the building cannot be determined

at this time as a matter of law and summary judgment is therefore inappropriate.

As to Viking's contention that the written contract does not support Armagost's assumpsit action and the parol evidence rule precludes evidence to the contrary, Armagost asserts that the instrument does not contain the entire contract between the parties, but is simply a "bare bones" agreement and therefore the parol evidence rule does not apply.

It is well established that the parol evidence rule applies only when the writing in question includes the entire contract between the parties. See *Gianni v. R. Russell & Co. Inc.*, 281 Pa. 320, 126 A. 791 (1924). To determine whether a certain subject was intended to be embodied in the writing, the best indication is whether or not the particular provision in question is dealt with at all in the writing. *Gianni,* supra. A perusal of the document in this case reveals that there is no mention of the qualifications of the personnel to be used in the construction of the building. Consequently, there may be some question as to whether or not the writing contains the entire agreement. Therefore, summary judgment would be inappropriate at this time.

## CONCLUSION

For the foregoing reasons, the motions for summary judgment of additional defendants, Viking Air Inc. and Femco Machine Co. are denied.

## ORDER

And now, March 18, 1986, after briefing and oral arguments, it is hereby ordered that the motions for summary judgment of additional defendants Viking Air Inc. and Femco Machine Company are denied.