# Rizer v. Taus

*Louis M. Tarasi,* for plaintiff.

*Julie Fields Sweeney,* for defendants John Taus and Allegheny General Hospital.

*Anthony J. Williott,* for defendant Elizabeth Hughes.

*David J. Trushel,* for defendants Daniel H. Gregory II and Allegheny Gastroenterology Association.

WETTICK, *A.J.,* September 14, 1988—This is a medical malpractice action to recover damages for the alleged wrongful death of Julia Rizer caused by the treatment and care which defendants provided to her. Plaintiff had filed a second medical malpractice action against another physician (Rajinder Singh) in the Ohio courts in which plaintiff alleged that this physician's negligence was a cause of Julia Rizer's death. In that case plaintiff, in his capacity as administrator of the estate of Julia Rizer and in

his own right, executed a release pursuant to a settlement agreement entered into between plaintiff and Dr. Singh. In consideration for the execution of the release, plaintiff received $325,000.

Defendants have filed a motion for leave to file an amended answer and new matter in which they wish to plead the release and the terms of the settlement as an affirmative defense. Plaintiff opposes the motion on the ground that the release and the terms of the settlement do not constitute an affirmative defense.

A party shall not be permitted to amend a pleading to raise a claim or defense that the law does not recognize. *Tanner v. Allstate Insurance Co.,* 321 Pa. Super. 132, 467 A.2d 1164 (1983). Consequently, we will consider plaintiff's contention that the terms of the settlement and the release do not constitute a defense in these proceedings.

The release states that "the rights of Frank M. Rizer to pursue a claim against any party who treated Julia Rizer while a patient at Allegheny General Hospital on March 5, 1985 are specifically reserved and excepted from this agreement." Statutory law provides that a release of one tort-feasor by an injured party does not discharge other tortfeasors unless the release so provides. 42 Pa.C.S. §8326. Case law treats releases in the same fashion. *Capone v. Donovan,* 332 Pa. Super. 185, 480 A.2d 1249 (1984); *Hertzog v. Jung,* 363 Pa. Super. 439, 526 A.2d 425 (1987), alloc. den. 533 A.2d 712. Consequently, the release does not bar plaintiff from seeking additional funds from other tortfeasors for the same harm to the injured party.

Defendants contend that the release and the terms of the settlement are relevant because defendants are entitled to a reduction of any verdict rendered against them by the amount of the settle-

ment. In support of this position, defendants rely on 42 Pa.C.S. §8326 which reads as follows:

"A release by the injured person of one joint tort-feasor, whether before or after judgment does not discharge the other tort-feasors unless the release so provides, but reduces the claim against the other tort-feasors in the amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid."

Defendants also cite case law holding that a plaintiff is entitled only to one satisfaction for the harm which plaintiff sustained. See, for example, *Capone v. Donovan, supra* which was an action commenced in Pennslvania against two doctors who allegedly misdiagnosed and mistreated an injury. Plaintiff was treated by a third doctor who also failed to discover the nature of the injury. He sued this third doctor in New Jersey. The New Jersey case was settled for $25,000. The Pennsylvania trial court ruled that the New Jersey settlement and release barred plaintiff from continuing his action against the two other doctors in the Pennsylvania courts. The Superior Court reversed because the release did not state that it was intended to discharge the other tort-feasors. The court's opinion discussed the effect of the release.

"Such a release did not effect a release of Doctors Donovan and Stackowski. The only effect of the release was to require a reduction in any verdict recovered against them by the sum of $25,000 already paid in settlement of the New Jersey action against Dr. Persico. (citations omitted)

"The plaintiffs are entitled to only one satisfaction for the harm which they have sustained. (citations omitted) Whether the sum of $25,000 recovered from Dr. Persico represented recovery in full will be an issue of fact for the jury. The present state of the

record does not permit a court to determine as a matter of law that plaintiffs have already recovered in full for the harm caused by the alleged mistreatment of the football injury sustained by Gerald Capone Jr." *Id.* at 191, 480 A.2d at 1252.(footnote omitted)

Until 1987, the case law supported defendants' position. The Pennsylvania appellate courts construed the language of section 8326 which provides that a release "reduces the claim against the other tort-feasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claims shall be reduced if greater than the consideration paid" as providing for a reduction in the verdict rendered against other joint tort-feasors by the amount of the settlement. The rationale for construing this language in this fashion was that since a jury is instructed that any tort-feasor is liable for the full amount of the harm which the injured person sustained, a jury verdict rendered against any tort-feasor has established the full amount of he injured person's damages. Thus, the verdict must be reduced by the amount which the injured party already received in order to prevent the injured party from receiving damages that exceed the amount of the harm.

In 1987, in the case of *Charles v. Giant Eagle Markets,* 513 Pa. 474, 522 A.2d 1 (1987), the Pennsylvania Supreme Court overruled the case law construing section 8326 in this fashion. The court held that a verdict shall be reduced by the percentage of the verdict for which the settling tort-feasor is responsible rather than by the amount of the settlement. As a result of this decision, we hold that the release and the amount of the settlement are not relevant in these proceedings.

In *Charles v. Giant Eagle Markets, supra,* both joint tort-feasors were defendants in the same case. The settlement between plaintiff and the settling joint tort-feasor occurred prior to trial. Nevertheless, the entire case proceeded to trial in order for the jury to determine the merits of plaintiff's claim against the non-settling tort-feasor and the merits of the non-settling tort-feasor's claim for contribution against the settling tort-feasor. The jury verdict against the non-settling tort-feasor was then reduced by the percentage of the verdict for which the settling tort-feasor was responsible.

Where, as in the case before this court, the settling tort-feasor is not a party to the lawsuit, the claims of the various parties will be addressed in a different fashion. The jury verdict will determine the merits of plaintiff's claims against the non-settling tort-feasors. These non-settling tort-feasors against whom a verdict is rendered will then bring a separate action for contribution against the settling tortfeasor (Dr. Singh) for the purpose of determining the percentage of the verdict for which Dr. Singh is responsible.[1] Plaintiff's recovery against the non-settling tort-feasors will then be reduced by this percentage.[2]

Defendants contend that *Charles v. Giant Eagle*

1. If this action were governed by Pennsylvania law, recovery would be reduced by a percentage equal to the ratio of the amount of Dr. Singh's casual negligence to the amount of the casual negligence attributed to Dr. Singh and the other defendants against whom recovery was allowed. 42 Pa.C.S. §7102.

2. If plaintiff has already received the full amount of the verdict rendered against the non-settling tort-feasors, plaintiff is legally obligated to return the overpayment. In this case, we need not decide whether the settling tort-feasor or the non-settling tort-feasor assumes the risk that plaintiff may not make the payment.

*Markets* should apply only to a case in which the settling joint tortfeasor is a party to the action. This contention is without merit. The same considerations for the court's decision in *Charles v. Giant Eagle Markets* — promoting prompt settlements of claims and giving plaintiffs the benefit of a good settlement as a quid pro for quo for the risk of a poor settlement — are equally applicable. The court's decision in *Charles v. Giant Eagle Markets* that the injured party's recovery against the non-settling tortfeasors should be reduced by the percentage of the verdict for which the settling tortfeasor is responsible — and not by the dollar amount of the settlement — is no more nor less fair to any of the parties merely because the contribution issue will be decided in a separate lawsuit.

If we were to accept defendants' argument that any jury verdict in this case should be reduced by the amount of the settlement payment of a tortfeasor who is not a party to the action, we would again be placing an injured party in the situation in which that party would assume the risk of a poor settlement while receiving none of the benefits of a good settlement. If defendants believed that the amount of the settlement satisfied the settling joint tort-feasor's obligations, they would be satisfied with the reduction of the jury verdict by the amount of the settlemennt payment and would take no further action against the settling tort-feasor. But if they believed that the settling tort-feasor should be paying a greater amount of the verdict, they would institute an action for contribution against this party after the reduction of the jury verdict by the amount of the settlement. If they were successful, plaintiff's verdict would be further reduced because release agreements usually provide for plaintiff to assume

responsibility for the settling tort-feasor's obligations to the non-settling tort-feasors.

In summary, as a result of the *Charles v. Giant Eagle Market's* construction of section 8326 of the Uniform Contribution Among Tort-Feasors Act (42 Pa.C.S. §8321 et seq.), the only relevance of a release which does not discharge other tort-feasors is to reduce the recovery against the non-settling tort-feasors by the percentage of the verdict for which the settling tort-feasor is responsible. Where the settling tort-feasor is not a party to the action, this percentage must be determined in a separate contribution action that arises only after a verdict has been entered against other joint tort-feasors. Consequently, the terms of the settlement and a release which does not discharge other tort-feasors do not constitute an affirmative defense in a case in which the settling tort-feasor is not a party.

For these reasons, we enter the following

## ORDER OF COURT

On this September 14, 1988, it is hereby ordered that the motion for leave to file amended answer and new matter filed by each defendant to this action is denied.