Claudia MILLS, and Robert Mills, Personal Representatives of the Estate of Sherri J. Mills, Deceased, Plaintiffs,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. 1:CV–89–1335.

United States District Court,
M.D. Pennsylvania.

Feb. 26, 1990.

Lee C. Swartz, Stephen M. Greecher, Jr., Hepford, Swartz, Menaker and Morgan, Harrisburg, Pa., for plaintiff.

Joseph Pinto, White and Williams, Philadelphia, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

Before this court is defendant's (Ford's) motion to bring in third-party defendants pursuant to Federal Rule of Civil Procedure 14(a). The plaintiffs oppose the motion asserting that joinder is impermissible under Rule 14 and Pennsylvania law.

This diversity case arises out of an automobile accident in which plaintiffs' decedent was a passenger in a 1979 Ford Bronco. During the accident the vehicle rolled over, the roof became detached, the occupants were ejected and the decedent was fatally injured. Plaintiffs brought this action against Ford, the manufacturer of the vehicle, claiming that it's improper design of the vehicle increased the severity of the injuries sustained by the victim and caused her death. Ford claims that the negligence and recklessness of the driver and the owner of the vehicle caused or contributed to the underlying accident, and asserts that it

has the right to contribution from them in the event it is found liable to plaintiffs.

Plaintiffs' claims against Ford are based on theories of "crashworthiness". The issue before the court is whether the manufacturer, driver, and owner are joint tortfeasors with respect to plaintiffs' claims. As we recognized in *Smith v. Kolcraft Products, Inc.,* 107 F.R.D. 767 (Md.Pa. 1985) (Caldwell, J.) ("Kolcraft"), there is uncertainty and confusion surrounding the terms "joint tort" and "joint tortfeasors". *Id.* at 769 (quoting Prosser and Keeton on the Law of Torts § 46 (W. Page Keeton)).

■ Rule 14(a) permits a defendant to join any person "not a party to the action who is or may be liable to him for all or part of plaintiff's claims against him." There must be a substantive basis for the defendant's claim that "the third-party's liability is in some way dependent on the outcome of the main claim or [that] the third-party is secondarily liable to the defendant." 6 Wright and Miller, Federal Practice and Procedure § 1446, at 355–56 (2 ed. 1990). In a diversity action we look to state law to determine if the original defendant has a claim against the other actors.[1] Pennsylvania has adopted the Uniform Contribution Among Tortfeasors Act, 42 Pa.Con.Stat.Ann. § 8321 *et seq.* (1982), which defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property...." 42 Pa.Cons.Stat.Ann. § 8322.

In *Kolcraft,* we held that, under Pennsylvania law, " 'to be a joint tortfeasor, "the parties must either act together in commit-

ting the wrong, or their acts, if independent of each other, must unite in causing a single injury." ' " *Kolcraft* at 769 (quoting *Lasprogata v. Qualls,* 263 Pa.Super. 174, 179 n. 4, 397 A.2d 803, 805 n. 4 (1979) (quoting Black's Law Dictionary (4th ed. 1968))). In *Kolcraft, supra,* a child suffered permanent brain damage when the vehicle in which he was a passenger overturned into a creek. The child remained under water, trapped in his restraint seat, for approximately twenty minutes. The plaintiffs sued the manufacturer of the car seat for injuries resulting from the accident. The defendant joined the driver of the vehicle, alleging that he was negligent in operating the automobile and in "failing to properly install and/or secure the plaintiff ... and the seat and/or extricate the plaintiff...." *Id.* at 768. (citation omitted). We found that the parties had united together to cause a single injury and that it would be illogical to attempt to apportion the harm between the actors.[2]

■ The crashworthiness doctrine is a variation of strict liability concepts, and usually arises in vehicular accidents. It provides that a manufacturer/seller is liable in "situations in which the defect did not cause the accident or initial impact, but rather increased the severity of the injury over that which would have occurred absent the defective design." *Barris v. Bob's Drag Chutes & Safety Equipment,* 685 F.2d 94, 99 (3d Cir.1982) (citation omitted).[3] The plaintiffs assert, and we agree, that since the plaintiffs are seeking damages only for the enhancement of injuries and

---

1. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. We acknowledged that Pennsylvania law also provides a list of factors in determining whether or not the actors acted together to cause the injury, however, unlike other courts, we found that the factors "are instructive but not conclusive on the determination of joint tortfeasor status." As stated, we held that actors could also be joint tortfeasors if they acted independently to cause a single injury. *Id.* at 769.

3. The court summarized the doctrines as follows:

> The term crashworthiness means the protection that a passenger motor vehicle affords its

passengers against personal injury or death as a result of a motor vehicle accident. 15 U.S.C. § 1901(14) (1976). The crashworthiness doctrine is also referred to as the "second collision" doctrine. Second collision doctrine is defined as the impact of the individual with some part of the automobile after the collision or initial impact.... The term second collision has also been defined to include the impact of the individual with something exterior to the automobile when the individual is thrown from the vehicle after the collision or initial impact.

*Id.* at 96–97 n. 1. We will use the term "crashworthy" in reference to injuries on both the interior and the exterior of the vehicle.

for death, which allegedly would not have occurred had the vehicle been "crashworthy", the driver and owner of the vehicle are not joint tortfeasors with the manufacturer and therefore may not be joined.

Unlike the *Kolcraft* case, where the plaintiffs were suing for the entire injury and the third-party defendant was allegedly involved in the furtherance of the injury, this accident involves two separate claims. One claim, not alleged here, is for injuries attributable to the initial impact, and a second claim, the basis of this suit, is for the enhanced injuries caused by an allegedly defective design of the automobile. We are guided by *Huddell v. Levin*, 537 F.2d 726 (3d Cir.1976), a case which has been adopted in applying Pennsylvania law, *Jeng v. Witters*, 452 F.Supp. 1349 (M.D.Pa. 1978) aff'd mem. 591 F.2d 1335 (3d Cir. 1979), wherein the court discussed the crashworthiness doctrine. In dictum, it rejected the proposition that the manufacturer of the vehicle, being sued under this doctrine for the enhancement of injuries, and the driver of a vehicle, being sued for causing the accident, are joint tortfeasors:

> "Second collision" cases do not implicate "clearly established double fault" for the *same* occurrence. Clearly, the theoretical underpinnings for liability in this case are to be given effect, [the driver] may be held liable for *all* injuries, but [the manufacturer] may only be held liable for "enhanced injuries". Analogies to concurrent actions combining to cause a *single impact* are simply not applicable.

*Huddell*, 537 F.2d at 738. *See also Garr v. Chrysler Corp.*, C.V. No. 88–1715 (M.D.Pa. October 17, 1989) (Nealon, J.); *Frazier v. Harley Davidson Motor Co.*, 109 F.R.D. 293, 295 (W.D.Pa.1985); *Struss v. Renault U.S.A., Inc.*, 108 F.R.D. 691 (W.D.Pa.1985).

By holding that the initial impact is distinguishable from any impact resulting from the lack of crashworthiness of the vehicle, the court concluded the actors did not unite together to cause a single injury. It is also clear that they did not act together in committing the wrong, since the manufacturer's liability is based on the production of a defectively designed automobile, over which a driver and owner have no control.[4] The actors, therefore, do not fit within either part of the definition of joint tortfeasor as set out in *Kolcraft*.

■ The plaintiffs, however, will have the burden of establishing the three aspects of a crashworthiness claim:

> First, in establishing that the design in question was defective, the plaintiff must offer proof of an alternative, safer design, practicable under the circumstances.... Second, the plaintiff must offer proof of what injuries, if any, would have resulted had the alternative, safer design been used.... Third, as a corollary to the second aspect of proof, the plaintiff must offer some method of establishing the extent of enhanced injuries attributable to the defective design.

*Huddell*, 537 F.2d at 738. Additionally, the "manufacturer may be held liable for only those injuries shown to have been caused or enhanced by a defective condition of a product in the course of or following an initial accident brought about by some independent cause." *Jeng v. Witters*, 452 F.Supp. at 1355.

The driver and the owner of the vehicle in this case are not joint tortfeasors with its manufacturer and Ford will not be permitted to join them.

We will issue an appropriate order.

### ORDER

AND NOW, on this 26th day of February, 1990, upon consideration of defendant's motion to join third-party defendants, it is hereby ordered that the motion is denied.

---

**4.** See footnote 3, *infra.*