Walter ROBBINS, Plaintiff,

v.

YAMAHA MOTOR CORP., U.S.A., Defendant.

Civ. No. 82–0805.

United States District Court, M.D. Pennsylvania.

Jan. 20, 1983.

Robert W. Munley, Scranton, Pa., for plaintiff.

Robertson B. Taylor, Bethlehem, Pa., Michael J. Donohue, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff filed this action against defendant Yamaha Motor Corp. (Yamaha) seeking to be compensated for injuries he sustained when his motorcycle collided with an automobile owned and operated by one Joseph Vincent Galko. Specifically, plaintiff alleges that Yamaha is liable on a theory of crashworthiness [1] because Yamaha's failure to provide crash bars on its motorcycles increased the severity of his injuries. Presently before the court is Yamaha's motion pursuant to Fed.R.Civ.P. 14(a) to join Joseph Vincent Galko, the owner and operator of the automobile with which plaintiff collided, as a third-party defendant. Plaintiff has opposed the motion and the matter is now ripe for disposition. For the reasons set forth below the motion will be denied.

## DISCUSSION

Fed.R.Civ.P. 14(a) provides that a defendant may implead "a person not a party to the action *who is or may be liable to him* for all or part of the plaintiff's claim against him." (emphasis added). Rule 14 creates no substantive rights. "[U]nless there is some substantive basis for the third-party plaintiff's claim he cannot utilize the procedure of Rule 14." 3 Moore's Federal Practice ¶ 14.03, at 14–18 (2d. ed. 1982). "A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." 6 Wright and Miller, Federal Practice and Procedure § 1446, at 246 (1971). *See* 3 Moore's Federal Practice ¶¶ 14.10–.11.

Applying these precepts to the instant case, Yamaha may implead Galko only if

---

1. The crashworthiness doctrine is a variation of the strict liability theory. As recently explained by the Third Circuit Court of Appeals: Manufacturers have long been held liable for injuries proximately caused by a defect where the defect caused the accident.... The crashworthiness doctrine extends the manufacturer's liability to situations in which the defect did not cause the accident or initial impact, but rather increased the severity of the injury over that which would have occurred absent the defective design.... In crashworthiness cases, the courts, adhering to the rule that strict liability attaches only when a product is used in a foreseeable manner, have said that "an accident is a foreseeable use of an automobile." *Barris v. Bob's Drag Chutes & Safety Equipment, Inc.,* 685 F.2d 94, 99 (3d Cir.1982) (citations omitted). *See also, Caiazzo v. Volkswagenwerk A.G.,* 647 F.2d 241 (2d Cir.1981); *Huddell v. Levin,* 537 F.2d 726 (3d Cir.1976); *Larsen v. General Motors Corp.,* 391 F.2d 495 (8th Cir.1968). For a comprehensive discussion of the crashworthiness doctrine, *see* Hoenig, Resolution of "Crashworthiness" Design Claims, 55 St. John's Law Rev. 633 (1981).

the two are joint and several tortfeasors or if Yamaha has a right to indemnity or contribution from Galko if it is held liable. In making this determination, this court, sitting in diversity, is bound under *Erie*[2] to apply the law of Pennsylvania.

Pennsylvania has adopted the Uniform Contribution Among Jointfeasors Act wherein joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property...." 42 Pa.Cons.Stat.Ann. § 8322 (1982). In determining whether parties are separate or joint tortfeasors, the courts of Pennsylvania have considered several factors:

> the identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate rather than consequential, responsibility of the defendants for the same *injuria* as distinguished from *damnum*.

*Voyles v. Corwin*, 295 Pa.Super. 126, 441 A.2d 381, 383 (1982) (quoting Prosser, Law of Torts, § 46 n. 2 (4th ed. 1971)); *see Brennan v. Reed, Smith, Shaw & McClay*, 304 Pa.Super. 399, 450 A.2d 740, 745–46 (1982); *Pratt v. Stein*, 298 Pa.Super. 92, 444 A.2d 674, 704–05 (1982); *Wade v. S.J. Groves & Sons Co.*, 283 Pa.Super. 464, 474–76, 424 A.2d 902, 906–08 (1981); *cf. Lasprogata v. Qualls*, 263 Pa.Super. 174, 178–80, 397 A.2d 803, 805–06 (1979) (persons are not joint tortfeasors when their acts are severable as to time, neither having the opportunity to guard against the other's acts and each breaching a different duty). *See also Little v. Dresser Industries*, 599 F.2d 1274, 1277–78 (3d Cir.1979) (applying Pennsylvania law).

■ A proper consideration of the factors outlined above necessitates a discussion of the "crashworthiness" doctrine and plaintiff's burden of proof in establishing a pri-

ma facie case. Crashworthiness refers to "the protection that a passenger motor vehicle affords its passengers against personal injury or death as a result of a motor vehicle accident." *Jeng v. Witters*, 452 F.Supp. 1349, 1355 (M.D.Pa.1978), *aff'd mem.*, 591 F.2d 1335 (3d Cir.1979). The principle behind the doctrine of crashworthiness is that the existence of a design defect in the vehicle, although not the cause of an accident, has unnecessarily aggravated the injuries of a passenger. *Id.; accord, Barris v. Bob's Drag Chutes & Safety Equipment, Inc.*, 685 F.2d 94, 99 (3d Cir. 1982); *Caiazzo v. Volkswagenwerk A.G.*, 647 F.2d 241 (2d Cir.1981). Because it is foreseeable that a motor vehicle may be involved in an accident, a manufacturer has a duty to provide passengers with a reasonably safe vehicle, *i.e.*, one which does not expose its occupants to an unreasonable risk of harm in the event of a collision. *See Dyson v. General Motors Corp.*, 298 F.Supp. 1064 (E.D.Pa.1969). When the manufacturer breaches that duty it is liable *only* for "injuries shown to have been caused or enhanced by a defective condition of a product in the course of or following an initial accident brought about by some independent cause." *Jeng v. Witters, supra*, 452 F.Supp. at 1355; *see, e.g., Huddell v. Levin*, 537 F.2d 726, 738 (3d Cir.1976).

■ Because a manufacturer's liability under the crashworthiness doctrine is premised on a different basis from that of an ordinary products liability or negligence case, the plaintiff's burden of proof is different and, indeed, more exacting. In order to establish crashworthiness liability the plaintiff must offer proof of (1) "an alternative, safer design, practicable under the circumstances;" (2) "what injuries, if any, would have resulted had the alternative, safer design been used," and (3) "the extent of enhanced injuries attributable to the defective design." *Huddell v. Levin, supra*, 537 F.2d at 738–39; *accord, Caiazzo v. Volkswagenwerk A.G., supra*, 647 F.2d at 250–21; *see Stonehocker v. General Motors*

<hr>

**2.** *Erie Railroad v. Tompkins*, 304 U.S. 64, 58      S.Ct. 817, 82 L.Ed. 1188 (1938).

Corp., 587 F.2d 151, 158 (4th Cir.1978). *But see Mitchell v. Volkswagenwerk A.G.,* 669 F.2d 1199 (8th Cir.1982); *Fox v. Ford Motor Co.,* 575 F.2d 774 (10th Cir.1978). Under a crashworthiness theory, then, the plaintiff in the instant case can recover damages from Yamaha only for those injuries he can prove he would not have sustained if he had been riding a "crashworthy" motorcycle. Of course, if "enhanced injuries" cannot be shown, then no liability exists as to the manufacturer.

■ It is apparent from this brief discussion of the theoretical underpinnings of crashworthiness and the proof required to support liability, that there are no factors present in this case which would indicate that Yamaha and the proposed third-party are joint tortfeasors. The alleged acts of Yamaha forming the basis of its liability took place at the time the subject motorcycle was designed whereas Galko's alleged liability took place at the time of the accident in that he was negligent in driving his automobile. Yamaha had no opportunity to guard against the acts of Galko and vice versa. The duty owed by Yamaha is to design a motorcycle which does not expose its rider to an unreasonable risk of harm in the event of a collision; *see Dyson v. General Motors Corp.,* 298 F.Supp. 1064 (E.D.Pa. 1969); whereas the duty owed by Galko is to operate his automobile in a safe manner. Neither can the injury sustained by the plaintiff be characterized as indivisible for that would preclude Yamaha's liability for "enhanced injuries." *See Huddell v. Levin, supra,* 537 F.2d at 738–39 (a failure in apportionment would preclude liability only on the part of the manufacturer). Finally, because of the demanding nature of a crashworthiness plaintiff's burden of proof, *see* discussion *supra,* the same evidence will not support an action against both Yamaha and Galko.

Yamaha's apparent argument that it is entitled to contribution or indemnity from Galko because "but for" his negligence, plaintiff would have suffered no injuries is of no avail. Such an argument has been rejected by the Pennsylvania courts. *See Smialek v. Chrysler Motors Corp.,* 290 Pa. Super. 496, 434 A.2d 1253, 1259 (1981); *cf. Voyles v. Corwin,* 295 Pa.Super. 126, 441 A.2d 381 (1982); *Lasprogata v. Qualls,* 263 Pa.Super. at 178–80, 397 A.2d at 805–06 (1979) (original wrongdoer, a negligent motorist and negligent physician who aggravated the original or caused a new injury are not joint tortfeasors).

The result reached herein is supported by the decision in *Lasprogata v. Qualls, supra,* wherein the Pennsylvania Superior Court addressed the issue of apportionment and distinguished it from rights of contribution and indemnity:

> The right of contribution exists only between joint tortfeasors. Contribution distributes the loss equally or each joint tortfeasor pays his or her prorata share. A right of indemnity exists when the entire loss is imposed on one person. For example, an original wrongdoer may have a right of indemnity against the treating physician if the original tortfeasor is held liable for damages resulting from both his negligence and that of the physician. However, whenever two actions are brought for the separately identifiable acts of negligence on the part of the original wrongdoer and the treating physician, the apportionment of damages between the two causes should take place as we allow in the instant case.

263 Pa.Super. at 178 n. 2, 397 A.2d at 805 n. 2. In drawing this distinction in *Lasprogata,* the court "used a very strict definition of the term 'joint tortfeasor' and thereby made 'apportionment between joint tortfeasors' an inconsistency of terms." *Wade v. S.J. Groves & Sons Co.,* 283 Pa.Super. 464, 475, 424 A.2d 902, 907 (1981). Inasmuch as a plaintiff's right to recover from a manufacturer on the theory of crashworthiness depends on the ability to apportion damages, *see Huddell v. Levin, supra,* 537 F.2d at 739, a characterization of the manu-

facturer and the driver of the other vehicle as joint tortfeasors is precluded.[3]

Inasmuch as Yamaha cannot claim contribution or indemnity from Galko, the motion to join Galko as a third-party defendant will be denied.

An appropriate Order will enter.

---

**3.** The following language from the Third Circuit Court of Appeals decision in *Huddell v. Levin, supra,* is also instructive on this point.

We do not perceive the analysis of "second collision" or "enhanced injury" cases to track the legal lore surrounding concurrent tortfeasor actions which, in the concurrence's formulation, "have combined *contemporaneously* to cause the injuries". Concurring opinion, *post,* at 744. (Emphasis added.) "Second collision" cases do not implicate "clearly established double fault" for the *same* occurrence. Clearly, if the theoretical underpinnings for liability in this case are to be given effect, Levin may be held liable for *all* injuries but General Motors may only be held liable for "enhanced injuries". Analogies to concurrent actions combining to

cause a *single impact* are simply not applicable. Similarly, analogies to chain collisions are not applicable where, as here, one party is sued on a fault theory for the collision and the other party is sued on the theory of strict liability for the "second collision".
537 F.2d at 738.