**Ralph FRAZIER, Plaintiff,**

**v.**

**HARLEY DAVIDSON MOTOR COMPANY, INC., Defendant,**

**v.**

**James DAVIS, Administrator of the estate of Timothy McCormick, deceased, Third-Party Defendant.**

**Civ. A. No. 84–1513.**

United States District Court, W.D. Pennsylvania.

Oct. 31, 1985.

Donald McCue, Connellsville, Pa., for plaintiff.

John Edward Wall, Pittsburgh, Pa., James Davis, Uniontown, Pa., for defendant Harley Davidson.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

(1) Defendant, Harley Davidson, filed a complaint to join the estate of Timothy McCormick as a third-party defendant in this action. Pending before the court is plaintiff's motion to strike the third-party action.

(2) Plaintiff was operating a 1974 Harley Davidson motorcycle early in the morning of June 25, 1982 on Route 40 near Uniontown, Pennsylvania, when his vehicle was struck from behind by an automobile driven by Timothy McCormick. As a result of the accident, plaintiff lost his left leg below the knee. Plaintiff alleges that his injuries were caused by the defective condition and design of the motorcycle and filed a products liability suit against defendant. Harley Davidson maintains that plaintiff's injuries were caused solely by the negligence of McCormick and therefore defendant filed a complaint to join McCormick's estate, McCormick having died since the accident. If found liable, Harley Davidson demands indemnification or contribution against the third-party defendant.

(3) Plaintiff advances two grounds in support of the motion to strike. First, the proposed third-party joinder is improper under the Federal Rules of Civil Procedure. Second, plaintiff claims that even if defendant complied with the Rules, the proposed joinder is impermissible under Pennsylvania law. Harley maintains that the joinder is valid.

■ (4) Defendant's joinder falls within the purview of Rule 14(a) of the Federal Rules of Civil Procedure which provides that a defendant has the option of bringing into a civil action any person "not a party to the action who is or may be liable to him for all or part of plaintiff's claim against him." Determinations of the propriety of third-party actions are committed to the sound discretion of the court. *United States v. One 1977 Mercedes Benz* 708 F.2d 444, 452 (9th Cir.1983). However a third-party defendant may not be impleaded on the grounds that he is solely liable to the plaintiff. *Owen Equipment and Erection Co. v. Kroger* 437 U.S. 365, 368 n. 3, 98 S.Ct. 2396, 2399–2400 n. 3, 57 L.Ed.2d 274 (1978); *Millard v. Municipal Sewer Authority of Lower Makefield*, 442 F.2d 539, 541 (3d Cir.1971). Therefore, in order to satisfy Rule 14(a), any liability of a third-party defendant would necessarily be secondary or derivative to the liability of the original defendant. *Cf. Tesch v. United States* 546 F.Supp. 526, 529 (E.D.Pa.1982).

■ (5) Harley, in its complaint to join, alleges that the third-party defendant is solely responsible for any injuries sustained by plaintiff. Such a claim cannot be the basis for a third-party complaint under Rule 14. *Owen, Millard, supra.* Defendant alleges in the alternative that McCor-

mick's negligence was a substantial factor in causing plaintiff's injuries and demands a right of indemnification or contribution. However, use of Rule 14 is predicated on the notion that there is joint liability between the original defendant and the third party. Defendant alleges no facts to support a finding that Harley Davidson and McCormick are joint tortfeasors nor does defendant set forth any substantive basis in the law that McCormick's liability is derivative or secondary to Harley Davidson's liability. Therefore we conclude that the proposed joinder is improper under Rule 14(a).

■ (6) Even if defendant could satisfy the requirements of Rule 14, the proposed joinder is impermissible under Pennsylvania law. As a federal court sitting in diversity, we are required to apply Pennsylvania law. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Pennsylvania has adopted the Uniform Contribution Among Tortfeasors Act which defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property." 42 Pa.C.S.A. § 8322. In considering whether parties are jointly liable, Pennsylvania courts have considered the following factors:

> [T]he identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single indivisible nature of the injury to the plaintiff; identity of facts as to time, place or result; whether the injury is direct and immediate rather than consequential, responsibility of the defendants for the same injuria as distinguished from damnum.

*Voyles v. Corwin*, 295 Pa.Super. 126, 130–131, 441 A.2d 381, 383 (1982) (quoting Prosser, Law of Torts, § 46, n. 2 (4th ed. 1971).

■ (7) The heart of plaintiff's action against Harley Davidson is that the motorcycle was not crashworthy. Plaintiff does not allege that a product defect caused the accident rather he alleges that the motorcycle lacked adequate safety features that could have prevented the accident and injuries. The principle behind the doctrine of crashworthiness is that a product defect, though not a cause of the accident, has unnecessarily aggravated a plaintiff's injuries. *Barris v. Bob's Drag Chutes & Safety Equipment*, 685 F.2d 94, 99 (3d Cir. 1982). However, Harley seeks to join third-party defendant on the basis that McCormick negligently caused the accident. Liability for failing to construct a crashworthy vehicle is separate and distinct from the issue of liability for negligently causing an accident.

■ (8) A consideration of the factors outlined in *Voyles* compels a holding that the joinder of McCormick's estate is impermissible under Pennsylvania law. The cause of action against each party is based on a different theory. Any injury for which Harley Davidson is found liable would be divisible from those injuries for which the estate might be liable. Harley Davidson had a duty to produce a reasonably safe vehicle while McCormick's duty was to operate an automobile in a safe manner. Defendant's alleged tortious conduct took place at the time when the motorcycle in question was designed and built, while McCormick's alleged tortious conduct occurred at the time of the accident. Different evidence would be necessary to support the allegations against each party. Therefore we hold that Harley Davidson and McCormick are not joint tortfeasors and may not be joined under Pennsylvania law. In reaching this result, we are persuaded by the reasoning in *Robbins v. Yamaha Motor Corp.* 98 F.R.D. 36 (M.D. Pa.1983), a case which involved identical facts.

(9) Also, Pennsylvania has not permitted joinder in cases analogous to the present action. In negligence actions against physicians alleged to have aggravated the injuries of accident victims, the physicians have not been permitted to join the individuals who caused the accident. *Voyles v. Cor-*

*win,* 295 Pa.Super. 126, 441 A.2d 381 (1982); *Lasprogata v. Qualls,* 263 Pa.Super. 174, 397 A.2d 803 (1979); *Harka v. Nabati,* 337 Pa.Super. 617, 487 A.2d 432 (1985). The physicians and the individuals who had caused the accidents were held not to be joint tortfeasors because each had committed separate identifiable acts. The reasoning in these cases compels the result in the present action as each allegedly involve a second tortious act enhancing the injuries caused by an original tortious act.

(10) Defendant relies on *Chamberlain v. Carborundum,* 485 F.2d 31 (3d Cir.1973) to support its contention that the proposed joinder is valid. In *Chamberlain,* the Court of Appeals predicted that Pennsylvania courts would permit a right of contribution between defendants who are liable on a strict liability theory and defendants held accountable on a negligence theory. In reaching our decision, we have focused on the issue of crashworthiness and the separateness of the defendants' tortious acts and we have not considered whether Pennsylvania would allow the joinder of strict liability and negligence defendants. Thus *Chamberlain* does not affect our holding. However, we note that subsequent developments in Pennsylvania law have undermined the precedental value of *Chamberlain. See Bike v. American Motors Corporation,* 101 F.R.D. 77 (E.D.Pa.1984).

■ (11) We hold that Harley Davidson's joinder of the estate of Timothy McCormick is improper for two reasons. First, it does not comply with Rule 14(a) of the Federal Rules of Civil Procedure because McCormick's liability is not alleged to be derivative. Second, Harley Davidson's and McCormick's alleged tortious acts are distinct occurrences which have no basis for joinder under Pennsylvania law. Plaintiff's motion to strike the third-party complaint must be granted. Our decision does not preclude Harley Davidson from raising its claim of McCormick's alleged sole liability as a defense to the strict liability claim before the fact finder.