**Karl K. STRUSS, Jr., a minor and Erika K. Struss, a minor by Karl K. STRUSS, Sr., their parent and natural guardian, and Karl K. Struss, Sr., individually, Plaintiffs,**

v.

**RENAULT U.S.A., INC., a foreign corporation, American Motors Corporation, a foreign corporation, American Motors Sales Corporation, a foreign corporation, Defendants,**

v.

**Christina M. STRUSS, Third Party Defendant.**

**Civ. A. No. 85–365.**

United States District Court,
W.D. Pennsylvania,
Civil Division.

Dec. 16, 1985.

---

James G. Gordon, Wymard, Dunn & Gordon, Pittsburgh, Pa., for plaintiffs.

Kenneth S. Mroz, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendants.

George I. Buckler, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for third-party defendant.

## MEMORANDUM AND ORDER

SIMMONS, District Judge.

This is an action filed by Karl K. Struss, Sr., on behalf of his two minor children who were injured in a motor vehicle accident on November 14, 1983. Said minors were passengers in a 1981 Renault Le Car sedan operated by Christina M. Struss.[1] The action was brought against Renault U.S.A., Inc., American Motors Corporation, and American Motor Sales Corporation ("Original Defendants") alleging that the minors' injuries were caused by the defective condition and design of the Renault Le Car. Specifically, Plaintiffs allege that the Renault Le Car was not "crashworthy" because, upon impact with another vehicle, the back seat "dislodged, impacted or otherwise came down upon minor Plaintiffs", causing their injuries and damages claimed. (Complaint, Paragraph 4).

---

1. Christina M. Struss is the wife of Karl K. Struss, Sr., and mother of the injured children.

The Original Defendants filed a Third-Party Complaint against Christina Struss, averring that the accident and injuries suffered by the minor Plaintiffs were caused "solely and exclusively" by the negligence of Christina Struss (Complaint, Paragraph 5); and said Defendants have also made claim against her for contribution and/or indemnification (Complaint, Paragraphs 2 and 7). Specifically, the Original Defendants averred that Christina Struss operated the Le Car Sedan negligently so as to cause it to be operated over the center line and collide with another vehicle.

Presently before this Court is Third-Party Defendant, Christina Struss' Motion for Judgment on the Pleadings. Christina Struss advances two grounds in support of her motion. First, she contends that the Third-Party Joinder is improper under the Federal Rules of Civil Procedure. Second, Christina Struss maintains that even if the Original Defendants complied with the rules, joinder is impermissible under Pennsylvania Law. For the reasons set forth below, the motion will be granted.

■ Under Fed.R.Civ.P. 14(a), a defendant has the option of bringing into a lawsuit any person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Determinations as to the propriety of a proposed third-party complaint are committed to the sound discretion of the Court. *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 452 (9th Cir.1983); *Jagielski v. Package Machine Company,* 93 F.R.D. 431, 433 (E.D.Pa.1981). A third-party plaintiff's claim may be asserted under Rule 14(a) *"only* when the third-party defendant's liability is derivative or secondary." *Tesch v. United States,* 546 F.Supp. 526, 529 (E.D.Pa.1982) (emphasis added). Thus, "a third-party defendant may not be impleaded on the grounds that he is solely liable to the [original] plaintiff." *Owen Equipment and Erection Co. v. Kroger* 437 U.S. 365, 368 n. 3, 98 S.Ct. 2396, 2399 n. 3, 57 L.Ed.2d 274 (1978); *Millard v. Municipal Sewer Authority of Lower Makefield Township,* 442 F.2d 539, 541 (3d Cir.1971);

*Novinger v. E.I. Dupont deNemours and Co., Inc.,* 89 F.R.D. 588, 594 (M.D.Pa.1981).

Contrary to the dictates of controlling case law, the Original Defendants' Third-Party complaint asserts that Christina Struss, through her negligence in operating the LeCar Sedan, is "solely and exclusively" liable to the Plaintiff. (Complaint, Paragraph 5). The Original Defendants, (now Third-Party Plaintiffs) do *not* allege facts which would support a finding of joint and several liability between them and Christina Struss. Instead, the Original Defendants deny any liability on their part and seek to impose sole responsibility for the accident on the driver. Such a claim cannot be the basis for a third-party complaint under Fed.R.Civ.P. 14. *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. at 368 n. 3, 98 S.Ct. at 2399 n. 3; *Millard,* 422 F.2d at 541; *Novinger,* 89 F.R.D. at 594.

■ The Original Defendants further allege, in the alternative, that Christina Struss's negligence was a substantial factor in causing Plaintiffs' injuries and demands a right of indemnification or contribution. (Complaint, Paragraphs 2, 7). "Rule 14 is predicated on the notion that there is joint liability between the original defendant and the third-party." *Frazier v. Harley Davidson Motor Co., Inc.,* 109 F.R.D. 293, 295 (W.D.Pa.1985). *See also Robbins v. Yamaha Motor Corp., U.S.A.,* 98 F.R.D. 36, 37 (M.D.Pa.1983) ("Yamaha may implead Galko only if the two are joint and several tortfeasors or if Yamaha has a right to indemnity or contribution from Galko if it is held liable."). The Original Defendants allege no facts to support a finding that the Original Defendants and Christina Struss are joint tortfeasors, nor do the Original Defendants set forth any substantive basis in the law that Christina Struss' liability is derivative or secondary to the Original Defendant's liability.

The cause of action asserted against the Original Defendants involves a separate and distinct occurrence from that which

involved Christina Struss, when she crossed the center line.

This alleged accidental transaction involved two separate collisions and therefore two separate and distinct sets of legal consequences obtain.

The first collision involved Christina Struss and her children when she (for whatever reason) crossed the center line of the highway and struck another vehicle. Presumably the minor original Plaintiffs were injured to some degree (however slight) as a result of the original impact. This first collision involves the possible negligence and liability of Christina Struss to her children. The alleged second collision in this case did not involve Christina Struss, i.e. the alleged failure of the backrest of the back seat of the Struss car which was manufactured by Defendant Renault and/or American Motors and sold and/or distributed by Defendant American Motors Sales Corporation. The allegation in the within law suit is that the failure of the backrest of the backseat of the Le Car was a second collision that enhanced the damages (if any) that were sustained in the original first collision due to the fact that the car was defectively constructed and as a consequence was not crashworthy.

There can be no joint liability between the Original Defendants and Christina Struss occasioned by the failure of the car to withstand a collision. It has not been alleged that Christina Struss had helped in someway to manufacture the defective automobile. It follows that as to the second collision, there can be no joint and/or several liability of Christina Struss and the Original Defendants and hence there can be no legal duty on the part of Christina Struss to indemnify and/or contribute to a recovery of damages (if any) against the Original Defendants. It follows that Christina Struss may not be joined in this litigation as a Third Party Defendant under the foregoing circumstances.

This Court therefore holds that the joinder of Christina Struss is improper under Fed.R.Civ.P. 14(a).

■ Even assuming the Original Defendants' third-party complaint complied with the requirements of Rule 14(a), the joinder of Christina Struss is impermissible under Pennsylvania Law.[2] Pennsylvania has adopted the Uniform Contribution Among Jointfeasors Act wherein jointfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property...." 42 Pa.Cons. Stat.Ann. § 8322 (1982). In determining whether parties are jointly liable, Pennsylvania courts have considered several factors:

> [T]he identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; *the single indivisible nature of the injury to the plaintiff;* identity of facts as to time, place or result; whether the injury is direct and immediate rather than consequential, responsibility of the defendants for the same *injuria* as distinguished from *damnum*.

*Voyles v. Corwin,* 295 Pa.Super. 126, 130–131, 441 A.2d 381, 383 (1982) (quoting Prosser, Law of Torts, § 46, n. 2 (4th ed. 1971)). *See Brennan v. Reed, Smith, Shaw & McClay,* 304 Pa.Super. 399, 450 A.2d 740, 745–46 (1982); *Pratt v. Stein,* 298 Pa.Super. 92, 444 A.2d 674, 704–05 (1982).

The heart of Plaintiffs' action against the Original Defendants is that the Renault Le Car was not crashworthy. The principal behind the doctrine of crashworthiness is that the existence of a design defect in the vehicle, although not the cause of an accident, has unnecessarily aggravated the injuries of a passenger. *Barris v. Bob's Drag Chutes & Safety Equipment, Inc.,* 685 F.2d 94, 99 (3d Cir.1982); *Robbins,* 98 F.R.D. at 38; *Frazier,* 109 F.R.D. at 295. In the present action, the Original Defen-

---

**2.** As a Federal Court sitting in diversity, we are required to apply the substantive law of the state in which we sit. *Erie Railroad Company v.*

*Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

dants seek to join Third-Party Defendant on the basis that Christina Struss negligently *caused the accident.* Liability for failing to construct a crashworthy vehicle is separate and distinct from the issue of liability for negligently causing an accident. *Frazier,* 109 F.R.D. at 295. *See also Robbins,* 98 F.R.D. at 39.

A consideration of the factors set forth in *Voyles, Supra.,* compels a holding that the joinder of Christina Struss is impermissible under Pennsylvania Law. The alleged acts of the Original Defendants forming the basis of its liability took place at the time the Renault Le Car was designed and built, whereas Christina Struss' alleged liability took place at the time of the accident. The Original Defendants had no opportunity to guard against the acts of Christina Struss and vice versa. The duty owed by the Original Defendants is to design and build a vehicle which does not expose occupants to an unreasonable risk of harm in the event of a collision; *See Dyson v. General Motors Corp.,* 298 F.Supp. 1064 (E.D.Pa.1969); whereas the duty owed by Christina Struss is to operate her vehicle in a safe manner. Any injury for which the Original Defendants are found liable would be divisible from those injuries for which Christina Struss might be liable. *See Huddell v. Levin,* 537 F.2d 726, 738–39 (3d Cir.1976) (a failure in apportionment would preclude liability on the part of the manufacturer). Different evidence would clearly be necessary to support the allegations against Christina Struss for the simple negligent operation of her car as distinguished from the allegations against Renault for failing to properly build a crash resistant car.

■ Further, to the extent that the Plaintiffs' claim for damages against the Original Defendants is also based on other product liability (negligence) theories,[3] the Original Defendants and Christina Struss cannot be joint tortfeasors under Pennsylvania Law because the clearly identifiable

"acts of Struss and Renault are severable as to time, neither having the opportunity to guard against the other's acts and each breaching a different duty. *"Lasprogata v. Qualls,* 263 Pa.Super. 174, 178–80, 397 A.2d 803, 805–06 (1979). *See also Bike v. American Motors Corp.,* 101 F.R.D. 77 (E.D.Pa.1984). This Court therefore holds that the Original Defendants' and Christina Struss' alleged tortious acts are distinct occurrences which have no basis for joinder under Pennsylvania law.

Accordingly, Third-Party Defendant, Christina Struss' Motion for Judgment on the Pleadings will be granted. This Court's decision does not preclude the Original Defendants from raising the negligence of Christina Struss as a factor to be considered in the proof of damages in the strict liability claim against Renault.

An appropriate order will be entered in this case.

---

**3.** Plaintiffs assert three theories of defect: (1) crashworthiness defects; (2) handling defects; and (3) warning and marketing defects.