**Irose HARRIES, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant,**

v.

**Kenneth B. WALLEN, Third–Party Defendant.**

**No. 1:CV–91–1172.**

United States District Court, M.D. Pennsylvania.

March 5, 1992.

Anthony Stefanon, Harrisburg, Pa., for plaintiff.

Edward A. Gray, Lavin, Coleman, Finarelli & Gray, Philadelphia, Pa., for defendant.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

Plaintiff Irose Harries commenced this diversity action on September 5, 1991, to recover damages for injuries sustained in an automobile accident while riding in the rear seat of an automobile manufactured by the defendant, General Motors Corporation ("GM"). Harries claims that the back seat was defectively designed and seeks redress based on theories of strict liability, negligence and breach of warranty. On November 12, 1991, GM filed a third-party complaint against Kenneth B. Wallen, the driver of the vehicle in which Harries was a passenger. GM maintains that Wallen caused the accident described in Harries' complaint by operating the vehicle so as to collide into a tree. It contends that Wallen, therefore, caused and/or contributed to the injuries and damages alleged in the complaint. On November 19, 1991, Harries filed a motion to strike the third-party complaint.

Harries argues that since his claim is based on the doctrine of crashworthiness, which imposes liability in situations in which the defect did not cause the accident, but rather increased the severity of the injury over that which would have occurred absent the defective design, *Barris v. Bob's Drag Chute and Safety Equipment, Inc.*, 685 F.2d 94, 99 (3d Cir.1982), the actions of the operator which caused the crash to occur are irrelevant to his action against GM.[1] In support of this argument, he cites three unpublished opinions authored by the Honorable William W. Caldwell of this district. *Lawrence v. Ford Motor Company, et al.*, No. 3:CV–89–1877 (M.D.Pa. May 2, 1990); *Mills v. Ford Motor Company*, No. 1:CV–89–1335 (M.D.Pa. February 26, 1990); *Mills v. Ford Motor Company*, No. 1:CV–89–1335 (M.D.Pa. April 17, 1990). In these opinions, Judge Caldwell reasoned that since the plaintiff was suing to recover damages only for the enhanced injuries, which would not have occurred had the vehicle been crashworthy, the persons whose negligent acts might have caused the accident in the first-place were not joint tortfeasors and therefore may not be joined.

GM relies primarily on *Craigie v. General Motors Corporation*, 740 F.Supp. 353 (E.D.Pa.1990), in opposing plaintiff's motion. In *Craigie*, Judge Van Antwerpen allowed the manufacturer defendant to join the driver of an automobile in a crashworthiness case, holding that the manufacturer defendant and driver were joint tortfeasors.

## DISCUSSION

Resolution of the issue presented in the instant matter begins with the Federal Rules of Civil Procedure. A defendant, as a third-party plaintiff, may join a person "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a). "Thus, 'a third-party

defendant may not be impleaded on the grounds that he is solely liable to the [original] plaintiff.'" *Struss by Struss v. Renault U.S.A., Inc.*, 108 F.R.D. 691, 693 (W.D.Pa.1985) (citations omitted).

It follows that GM may only join Wallen to the instant action if Wallen could be, under some theory, liable to GM for all or part of Harries' claim. The only theory available to GM is that Wallen could be liable to it in contribution as a joint tortfeasor. Significantly, the Third Circuit has predicted that the Pennsylvania Supreme Court would enforce contribution between joint tortfeasors found liable under separate theories of strict liability and negligence. *Rabatin v. Columbus Lines, Inc.*, 790 F.2d 22 (3d Cir.1986). Consequently, the issue before this court is whether GM and Wallen are joint tortfeasors.

Unfortunately, the cases presented by the parties in their briefs state converse holdings on this issue. Although these decisions do not constitute binding precedent, the contradictory holdings are somewhat troubling. After grappling with this issue for some time, research has revealed other decisions which concur with Judge Caldwell's view. *See Struss by Struss v. Renault U.S.A., Inc.*, 108 F.R.D. 691 (W.D.Pa.1985); *Robbins v. Yamaha Motor Corp., U.S.A.*, 98 F.R.D. 36 (M.D.Pa.1983). In addition to Judge Caldwell's opinions, this court is particularly persuaded by the Honorable William J. Nealon's decision in *Robbins*, holding that the manufacturer of a motorcycle and the driver of an automobile were not joint tortfeasors in a crashworthiness case.

Pennsylvania has adopted the Uniform Contribution Among Joint Tortfeasors Act wherein joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property ..." 42 Pa.Cons. Stat.Ann. § 8322 (1982). In determining whether parties are separate or joint

---

**1.** Although the Pennsylvania Supreme Court has not had the opportunity to adopt or repudiate the crashworthiness doctrine, the Third Circuit has predicted that it would adopt the doctrine, and, therefore, the doctrine is applicable in fed-

eral court to cases governed by Pennsylvania law. *Habecker v. Clark Equipment Co.*, 942 F.2d 210, 214 (3d Cir.1991); *Roe v. Deere and Co.*, 855 F.2d 151, 153 n. 2 (3d Cir.1988); *Huddell v. Levin*, 537 F.2d 726 (3d Cir.1976).

tortfeasors, the courts of Pennsylvania have considered several factors:

the identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate rather than consequential; responsibility of the defendants for the same injuria as distinguished from damnum.

\* \* \* \* \* \*

... Under a crashworthiness theory, then, the plaintiff in the instant case can recover damages from Yamaha only for those injuries he can prove he would not have sustained if he had been riding a "crashworthy" motorcycle. Of course, if "enhanced injuries" cannot be shown, then no liability exists as to the manufacturer.

It is apparent from this brief discussion of the theoretical underpinnings of crashworthiness and the proof required to support liability, that there are no factors present in this case which would indicate that Yamaha and the proposed third-party are joint tortfeasors. The alleged acts of Yamaha forming the basis of its liability took place at the time the subject motorcycle was designed whereas Galko's alleged liability took place at the time of the accident in that he was negligent in driving his automobile. Yamaha had no opportunity to guard against the acts of Galko and vice versa. The duty owed by Yamaha is to design a motorcycle which does not expose its rider to an unreasonable risk of harm in the event of a collision; [citation omitted] ...; whereas the duty owed by Galko is to operate his automobile in a safe manner. Neither can the injury sustained by the plaintiff be characterized as indivisible for that would preclude Yamaha's liability for "enhanced injuries." [citation omitted] ... Finally, because of the demanding nature of a crashworthiness

plaintiff's burden of proof, ... the same evidence will not support an action against both Yamaha and Galko.

*Robbins v. Yamaha Motor Corp., U.S.A., supra,* 98 F.R.D. at 38–39.

This court agrees with Judge Nealon's decision in *Robbins,* and because its rationale is entirely applicable to the instant case, the plaintiff's motion to strike GM's third-party complaint will be granted. *But see McInnis v. A.M.F., Inc.,* 765 F.2d 240, 250 (1st Cir.1985) (in a crashworthiness case, applying the law of Rhode Island, which has also adopted the Uniform Contribution Among Joint Tortfeasors Act's definition of joint tortfeasor, the First Circuit held that the manufacturer defendant and the driver were joint tortfeasors because the total severance of a leg was not a divisible injury).

While not required to do so, this court feels compelled to address the inconsistency in the law presented by *Craigie v. General Motors Corporation,* 740 F.Supp. 353 (E.D.Pa.1990). In *Craigie,* Judge Van Antwerpen held that the manufacturer and driver were joint tortfeasors as to both the negligence and strict liability causes of action and denied the plaintiffs' motion to strike the manufacturer defendant's third-party complaint. Significantly, Judge Van Antwerpen states "[t]he right of a defendant such as General Motors to implead negligence defendants in a normal negligence action would seem obvious." *Id.* at 359. While this court generally agrees with that statement, neither the instant action nor *Craigie* is a normal negligence action. Like *Craigie,* in the instant action, the negligence claims against the manufacturer defendant parallel the strict liability crashworthiness claims, in that they are based on the negligent design of the product and the enhanced injuries caused by that negligent design.

In addition, there were some unique factors presented in *Craigie.* The question of indivisible harm was problematic in *Craigie* because the injury was death. Four young men were ejected from the vehicle upon impact and killed. Query, if the negligence of a driver and the defective

design of a manufacturer could have each caused the plaintiff's death, how is the injury divisible?

Judge Van Antwerpen was also faced with issues of judicial economy. As he stated in his opinion:

Furthermore, as a practical matter, we already have several state and federal actions in this matter. We will not, from the standpoint of judicial economy, break this unfortunate matter up into yet even more separate suits. How many times must the parties come to court?

*Id.* at 361.

This court is also reluctant to accept *Craigie* to the extent it relies on *Svetz for Svetz v. Land Tool Co.*, 355 Pa.Super. 230, 513 A.2d 403 (1986). Significantly, *Svetz* also involved a death. In *Svetz*, the manufacturer of a motorcycle helmet was sued based on theories of negligence and strict liability. The helmet split open when the driver's head struck the pavement after he lost control of his motorcycle and he sustained head injuries which caused his death. The Superior Court, relying on the Pennsylvania joinder rule, held that the manufacturer of the helmet could join additional defendants whose acts of negligence are alleged to be the sole or contributing cause of the injuries. The Pennsylvania joinder rule, however, is markedly different from the federal rule. While Pa.R.C.P. 2252(a) allows a defendant to join as an additional defendant any person "who may alone be liable", Fed.R.Civ.P. 14(a) does not. As noted above, Rule 14(a) allows a defendant, as a third-party plaintiff, to join a person "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."

In the instant case, since Harries is seeking damages only for enhanced injuries pursuant to the crashworthiness doctrine, and Wallen cannot be liable to GM for the enhanced injuries allegedly caused by GM's product, he may not be joined to this action.