Maria M. LOPEZ DE ROBINSON,
Plaintiff,

v.

UNITED STATES of America, Defendant.

UNITED STATES of America,
Third–Party Plaintiff,

v.

HOSPITAL SAN PABLO, INC., et
al., Third–Party Defendant.

Civ. No. 92–2413 (JP).

United States District Court,
D. Puerto Rico.

July 14, 1995.

Raúl Barrera, Santurce, PR, for plaintiff.

Silvia Carreño Coll, Asst. U.S. Atty., Hato Rey, PR, for defendant.

Amancio Arias Guardiola, San Juan, PR, Antonio Montalvo Nazario, Old San Juan, PR, for third-party defendant.

## OPINION AND ORDER

PIERAS, District Judge.

This is a medical malpractice action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* During July 1989, plaintiff's husband, Mr. Vance Le Roy Robinson, was suffering from acute abdominal pain. Plaintiff took her husband to the Veterans Administration Medical Center ("VAMC") in San Juan, Puerto Rico. He was denied admission to VAMC, however, because there were no hospital beds available. Thereafter, he was admitted to Hospital San Pablo ("San Pablo") where he was treated. Seven days later, Mr. Robinson died. Plaintiff alleges that the VAMC's negligent failure to admit her husband caused his death or aggravated the conditions leading to his death. Defendant denies all liability and has brought a third-party complaint against San Pablo alleging that negligent actions of San Pablo were the actual and proximate cause of decedent's death. The question currently before the Court is whether defendant/third-party plaintiff's third-party complaint is valid pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

## I. FACTS

The parties have stipulated to the following facts, *see* Further Initial Scheduling Conference Order, docket No. 63:

1. During July 1989, veteran Vance Le Roy Robinson was experiencing acute abdominal pains, a swollen stomach, and general physical weakness.

2. On Friday July 7, 1989, Mr. Robinson was taken to VAMC in San Juan, Puerto Rico.

3. At the VAMC, Dr. Silvia Fuertes examined Mr. Robinson, ordered laboratory and radiological examinations, and recommended that Mr. Robinson be admitted to the VAMC. However, there were no available beds at the VAMC on that day, so Mr. Robinson was denied admission.

4. On Monday, July 10, 1989, Mr. Robinson returned to the VAMC, but he was again denied admission. There were still no beds available.

5. On July 11, 1989, decedent was taken to San Pablo in Bayamón, Puerto Rico, and thereupon admitted. Decedent brought with him radiographic and laboratory results revealing an enlargement of the liver and spleen.

6. A provisional diagnosis performed at San Pablo revealed that Mr. Robinson was suffering from abdominal pain with ascites, a secondary diagnosis of ascites, suspected hepatoma, chronic anemia, hepato renal syndrome and hepatic encepholopthy. These various aspects of the diagnosis reflect damage in the abdominal cavity. Ascites is an abnormal accumulation of serous fluid in the abdominal cavity. Hepatoma is a malignant tumor in the liver. Anemia is a pathological deficiency in the oxygen-carrying material of the blood.

7. While hospitalized in San Pablo, Mr. Robinson slipped and fell.

8. On July 19, 1989, Mr. Vance Le Roy Robinson died.

9. The parties disagree about what was the cause of Mr. Robinson's death. The death certificate states that the cause of decedent's death was carcinomatosis, which is the existence of malignant tumors derived from the epithelial tissue, a membranous tissue covering internal surfaces and organs. Plaintiffs, on the other hand, assert that an autopsy performed by Dr. Yocasta Brugal in 1991, after Mr. Robinson's body was exhumed, revealed that myocarditis, an inflam-

mation of the muscle tissue of the heart, not carcinomatosis, was the cause of death.

10. Plaintiff filed an administrative claim against the United States with the Department of Veterans' Affairs, which was denied. Plaintiff filed the complaint for the case at bar within six months of the denial of her claim by the Department of Veterans' Affairs.

11. On October 8, 1992, plaintiff filed a complaint against San Pablo in the Bayamón Superior Court. On April 27, 1993, the Bayamón Superior Court entered judgment dismissing the complaint for lack of prosecution.

## II. THIRD–PARTY PRACTICE

The historical evolution of Rule 14(a) of the Federal Rules of Civil Procedure illuminates the underlying purposes and policies of contemporary third-party pleading practice. In 1937, Rule 14(a) was added to the Federal Rules of Civil Procedure as an adaptation of Admiralty Rule 56. Originally, the rule provided that defendant/third-party plaintiff may implead a party "who is or may be liable to him [the original defendant] or to the plaintiff for all or part of plaintiff's claim" against defendant/third-party plaintiff. 6 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1441 at 288 (1990). Therefore, the rule initially permitted a defendant/third-party plaintiff to implead a party who was directly liable exclusively to plaintiff. *See* Advisory Committee's Notes on 1966 Amendment to Fed.R.Civ.P. 14.

By 1946, however, Rule 14(a) had been amended to the current version which reads in pertinent part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the *third-party plaintiff* for all or part of the plaintiff's claim against the third-party plaintiff. (Emphasis added.)

The amendment thus eliminated defendant/third-party plaintiff's ability to join a party whose sole liability was to the plaintiff. *See* Advisory Committee's Notes on 1946 Amendment and 1966 Amendment to Fed.

R.Civ.P. 14. *See also Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 368 n. 3, 98 S.Ct. 2396, 2400 n. 3, 57 L.Ed.2d 274 (1978) ("[u]nder Rule 14(a), a third-party defendant may not be impleaded merely because he may be liable to the *plaintiff.*" (emphasis in original)).

Under the current version of Rule 14(a), the third-party complaint must contend that if defendant/third-party plaintiff were found liable to plaintiff, then defendant/third-party plaintiff has a right under substantive law to transfer his liability derived from the original complaint to third-party defendant. A contractual right of indemnification, or a common law right of contribution between joint tortfeasors are examples of rights under substantive law which allow a defendant/third-party plaintiff to pass along all or a portion of his liability to third-party defendant. Thus, under the amended rule, a third-party complaint must allege that third-party defendant is directly liable to defendant/third-party plaintiff. *See Moorhead Constr. Co. v. City of Grand Forks*, 508 F.2d 1008, 1012 (8th Cir.1975) ("[t]he fundamental principle of third-party practice is that in order to maintain a third-party complaint, a direct line of liability must be alleged to exist between the third-party plaintiff and third-party defendant independent of that between the first party plaintiff and defendant").

In the case at bar, plaintiff presents the following legal theory. First, plaintiff alleges that VAMC had a duty to admit a veteran patient when emergency hospitalization is required. Plaintiff asserts that decedent's condition required emergency hospitalization. Thus, plaintiff argues, VAMC breached its duty when it failed to admit decedent on either July 7, 10, or 11, 1989, causing decedent pain and suffering on those days, and further aggravating the conditions which caused his death. *See* Amended Complaint, docket No. 68.

In an attempt to shield itself from any potential liability, defendant/third-party plaintiff brought this third-party complaint against San Pablo asserting that San Pablo was negligent by failing to properly diagnose decedent's condition, failing to provide decedent with proper medical care, and failing to

maintain the premises in a safe condition, thereby causing decedent to slip and fall. *See* Third–Party Complaint, and Amended Third–Party Complaint, docket Nos. 18, 30, and 38. Thus, defendant/third-party plaintiff contends that San Pablo is entirely liable to plaintiff for decedent's injury and death since San Pablo's negligence alone caused all injury. In the alternative, defendant/third-party plaintiff argues that San Pablo's negligence fused with VAMC's alleged negligence, so that the combined negligence of both entities caused decedent's death. Consequently, defendant/third-party plaintiff argues, San Pablo is jointly and severally liable with VAMC for plaintiff's damages as a joint tortfeasor.

For this third-party complaint to be properly lodged under Fed.R.Civ.P. 14(a), defendant/third-party plaintiff must allege that if VAMC were held liable to plaintiff under the original complaint, then VAMC has a right under substantive law to transfer all or a portion of its liability to third-party defendant, San Pablo. Defendant/third-party plaintiff attempts to forge a link between itself and San Pablo based upon the substantive right of contribution between joint tortfeasors.

■■■■ Pursuant to Puerto Rico law, two or more individuals whose combined negligence causes plaintiff's injuries can be held jointly and severally liable as joint tortfeasors for plaintiff's damages. *See Garcia v. Gobierno de la Capital,* 72 D.P.R. 138 (1951). If judgment is entered for plaintiff to have and recover from defendants, jointly and severally, plaintiff may recover the full amount from one of the joint tortfeasors in execution of the judgment. Then, the paying tortfeasor has a right of contribution against the other joint tortfeasor, to recover a portion of the judgment. *Sánchez Rodríguez v. López Jiménez,* 87 J.T.S. 36, 118 D.P.R. 701 (1987).

VAMC and San Pablo, however, are not joint tortfeasors. Defendant/third-party plaintiff's alleged tortious activity is neither geographically or temporally linked to the alleged tortious activity of San Pablo. Decedent visited the VAMC, in San Juan, Puerto Rico, during the early evening of Friday, July 7, 1989, and later on Monday, July 10, 1989, and Tuesday, July 11, 1989. On all three occasions, decedent was not admitted to the VAMC because there were no hospital beds available. Plaintiff is currently suing to recover compensation for the injury plaintiff's decedent sustained which is directly attributable to any potential negligence resulting from the VAMC's denial of admission on those three specific dates. By contrast, any potential negligent action or omission on the part of San Pablo would have occurred after decedent had already been denied admission at the VAMC, or during the period after decedent had been hospitalized at San Pablo, in Bayamón, Puerto Rico, on July 11, 1989. Therefore, the injury which San Pablo could have caused would have occurred after the injury for which plaintiff is seeking compensation in the case at bar.

Furthermore, neither party was in a position to control and prevent the allegedly negligent actions of the other party. There was no explicit or implicit contractual relationship between VAMC and San Pablo. Nor was San Pablo acting as VAMC's agent when it admitted decedent. As an independent entity, VAMC had no control over the type of care and attention San Pablo gave decedent nor over the conditions of the premises at San Pablo. Therefore, VAMC could not have actually prevented any negligent actions of San Pablo which may have caused plaintiff's injuries.

Finally, different evidence would be necessary to prove the cause of action against each separate party. *See United States v. Government Development Bank,* 132 F.R.D. 129, 132 (D.P.R.1990) (holding that different types of proof necessary to prove plaintiff's case and defendant/third-party plaintiff's case demonstrates the inappropriateness of Rule 14 impleader). In order to sustain the claim against VAMC, plaintiffs need to present evidence that VAMC had a duty to admit decedent for hospitalization, and that the failure to admit decedent as a patient in the hospital constituted a breach of that duty, leading to the injuries incurred. On the other hand, in order to sustain a claim of negligence against San Pablo, plaintiffs need to present evidence demonstrating that the actions taken by San Pablo failed to reach the appropriate standard of medical care.

Other courts which have confronted analogous factual situations have likewise concluded that defendant/third-party plaintiff and third-party defendant were not joint tortfeasors. *See St. Thomas v. Harrisburg Hosp.*, 108 F.R.D. 2 (M.D.Pa.1985) and *Frazier v. Harley Davidson Motor Co.*, 109 F.R.D. 293 (W.D.Pa.1985). In *St. Thomas*, an ambulance carrying a patient crashed with a car while on its way to the hospital. The passenger sued the ambulance driver, alleging that the driver's negligence caused the passenger's injuries sustained during the crash. Subsequently, the ambulance driver attempted to implead the hospital and physician who treated plaintiff after the car crash. The court, however, dismissed the third-party complaint, holding that the alleged acts of negligence did not occur at the same time; neither of the parties was in a position to prevent the actions of the other party; and each party owed first-party plaintiff a separate and distinct duty. *St. Thomas*, 108 F.R.D. at 4. Consequently, the Court held that the medical personnel were not joint tortfeasors with the ambulance driver.

Similarly in *Frazier*, a motorcycle driver crashed with an automobile. The motorcycle driver sued the motorcycle manufacturer, alleging that the motorcycle was defectively designed. The manufacturer then attempted to implead the driver of the automobile which crashed with plaintiff through a third-party complaint, alleging that the negligence of the automobile driver was the sole cause of plaintiff's injuries. The court dismissed the third-party complaint, holding that the manufacturer and the automobile driver were not joint tortfeasors. The cause of action against each party was based upon a different legal theory; the injuries caused by each party were divisible; the allegedly tortious conduct occurred at different times and different places; and different evidence would be necessary to support the different allegations. *Frazier* 109 F.R.D. at 295.

■ Defendant/third-party plaintiff, VAMC, has not successfully alleged any basis upon which San Pablo might be liable to VAMC. VAMC has merely asserted that San Pablo caused the injury to plaintiff, thus VAMC should not be held ultimately liable to plaintiff. Defendant/third-party plaintiff is not precluded from raising the argument that San Pablo's negligence was the sole cause of plaintiff's death. The argument, however, must be raised as an affirmative defense, not as the basis for a third-party complaint. *See Parr v. Great Lakes Express Co.*, 484 F.2d 767, 769 (7th Cir.1973) ("[i]f the accident was solely and proximately caused by someone else's negligence this would seem to be a complete defense to the original action and would not seem to be the basis of a third-party action, which presupposes liability on the part of the original defendant which he is attempting to pass on to the third-party defendant").

■ As a final consideration, the Court notes that third-party pleading is within the discretion of the trial court. In the case at bar, allowing the third-party complaint to proceed would cause unnecessary confusion and would require fact development which is not salient to the relevant legal issues. The third-party complaint would cause inordinate cost and delay to this litigation, rather than to consolidate and simplify factual and legal issues for trial. For the foregoing reasons, the third-party complaint is hereby **DISMISSED.**

IT IS SO ORDERED.